## GATES v. UNION TERMINAL CO.
### (No. 7110.)

Court of Civil Appeals of Texas. Austin.
April 27, 1927.

Rehearing Granted May 25, 1927.

1. **Appeal and error** ☞544(1)—**Refusal to submit certain charge cannot be considered when statement of facts was not brought up with record (Vernon's Ann. Civ. St. 1925, art. 2243).**

Under Vernon's Ann. Civ. St. 1925, art. 2243, refusal of court to submit to jury a certain charge or instruction cannot be considered where statement of facts was not brought up with record.

2. **Appeal and error** ☞544(3)—**Error predicated on conflicting findings is fundamental and will be considered without statement of facts in record.**

Where jury's findings are conflicting on material issues, error predicated thereon is fundamental and apparent of record, and will be considered on appeal, though no statement of facts is brought up with record.

3. **Trial** 352(1)—**Issue relative to whether plaintiff "sustained accident," intended only as general negative issue, held confusing and not properly submitted, in view of other issues.**

In action against railroad for injuries sustained by employee, issue relative to whether plaintiff "sustained accident," merely intended as general negative issue to whole case, *held* confusing and not properly submitted, in view of other issues relative to negligence of plaintiff and defendant.

### On Motion for Rehearing.

4. **Appeal and error** ☞1175(6)—**On appellee's admission of clerical error or mistake in finding, as intending to find appellee 10 per cent. negligent, judgment will be rendered for such percentage.**

Where, in action against railroad for injuries to employee, defendant after judgment in its favor admitted on appeal that conflict in findings appeared to be result of clerical error or mistake of jury, in that it intended to find defendant guilty of negligence to extent of 10 per cent. of injury, judgment will be rendered for appellant for 10 per cent. of damages as found by jury.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by Henry Gates against the Union Terminal Company. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

John White, of Dallas, for appellant.

Robertson, Robertson & Gannon, of Dallas, for appellee.

BLAIR, J. Appellant sued appellee, the Union Terminal Company, to recover for injuries sustained to his foot when an iron bar fell on it while he was employed by appellee at its roundhouse to supply engines with waste, oil, etc. He alleged that while performing his duties, and while passing along and near the side of an engine against which appellee's employees had negligently left the iron bar leaning, he accidently tripped on it and knocked it down on his foot, sustaining serious injuries thereto, and as a proximate result of appellee's negligence. He alleged, in particular, that appellee was negligent in failing to furnish him with a safe place in which to work, first, in failing to keep its premises lighted; and, second, in allowing and permitting the iron bar to be left leaning against the engine immediately prior to his injury. Appellee answered by a denial of any negligence, a plea of contributory negligence based upon several particular acts, and a plea of assumed risk, alleging that both appellant and appellee were engaged in interstate commerce at the time of the accident. The case was submitted on special issues, and upon the jury's findings judgment was rendered for appellee. The appeal involves the following questions:

[1] 1. That the judgment should not stand because the court erred in refusing to submit to the jury a certain charge or instruction requested by appellant. The proposition cannot be considered because appellant did not bring up with the record a statement of facts. In the recent case of Day v. Gulf, Colorado & Santa Fé Ry. Co. (not yet reported), this court held that error, assigned "to the giving or refusing of charges, will not in absence of a statement of facts be considered on appeal." See article 2243, V. R. S. 1925, and cases cited thereunder.

[2] 2. That the judgment should not be permitted to stand because the jury's findings on certain of the issues submitted are in irreconcilable conflict. Appellee insists in this connection that the rule with reference to failure to bring up a statement of facts with the record quoted above applies as well to error predicated upon conflicting findings of a jury. But such is not the law. It is well settled that, where a jury's findings are conflicting on material issues, the error is fundamental and apparent of record. Boultinghouse v. Thompson (Tex. Civ. App.) 291 S. W. 573. Fundamental error will be considered on appeal, though no statement of facts is brought up with the record.

To each issue submitted and answered, the jury found as follows:

(1) Appellant sustained an injury at the time and place alleged.

(2) The injury was not the result of an unavoidable accident.

(3) Appellee used ordinary care to furnish appellant a reasonably safe place in which to work.

(4, 5) Appellee failed to exercise ordinary care 'to furnish appellant a reasonably safe place in which to work, which proximately caused or contributed to cause the injury.

(6, 7) Appellee used ordinary care in the matters of lighting and keeping lighted its premises where appellant worked.

(8, 9) Appellant was negligent in walking along the side of the engine in question, as testified to by him, which negligence was a proximate cause of his injury.

(10, 11) Appellant, in the exercise of ordinary care, could have seen the iron bar in time to have avoided same falling on his foot, and his failure to do so was a proximate cause of his injury.

(12, 13) Appellant was not negligent in extinguishing his torch before getting down off the engine in question.

(14) The lights were sufficient at the place of the injury to enable a person of ordinary eyesight, in the exercise of ordinary care, to have seen the bar of iron in the position alleged.

(15) "Did Henry Gates on the morning of March 21, 1922, sustain an accident at the Union Terminal Company's roundhouse substantially in the manner alleged by him in his petition?"  Answer: "No."

(17) Appellant's negligence contributed 90 per cent. to cause the accident as compared to appellee's negligence, which contributed 10 per cent.

(18) Appellant sustains damages in the sum of $520.01.

Appellee admits that there is a conflict between issues 3, by which the jury found that appellee exercised ordinary care to furnish appellant a safe place in which to work, and 4, 5, by which they found that appellee did not exercise ordinary care to furnish appellant a safe place in which to work, and that such failure was a proximate cause of the injury. But it is contended that when all the findings of the jury are construed together the conflict appears to be the result of a clerical error or mistake on the part of the jury in writing its answer to issue 3, because, under all the findings, it was clearly intended to find appellee guilty of negligence, at least to the extent of 10 per cent. of the injury. This admission renders it unnecessary for us to discuss this conflict, and, in so far as concerns appellee, would probably require that we render judgment for appellant for 10 per cent. of the damages found, but for another contention made by appellee.

[3] Appellee insists, however, that irrespective of the apparent conflict between issue 3 and issues 4, 5, the judgment must be affirmed upon the jury's answer to issue 15, by which they found that appellant did not "sustain an accident * * * substantially in the manner alleged in his petition." That is, appellee contends that in absence of a statement of facts we must presume that the evidence raised the issue of whether appellant had substantially proved the cause of action alleged by him, and on which issue, as submitted by issue 15, the jury found for it. By way of explanation, the term "accident" seems to have been used in the charge and pleadings interchangeably with the term "injury," it being intended to fix liability upon the jury's answers whether they found appellant received an "injury" or sustained an "accident." Just what purpose the court had in mind in submitting issue 15 is not entirely clear, but reasonably so, and shows that it was intended merely as a general negative issue to the whole of the case pleaded by appellant, and not because the evidence may or may not, as contended by appellee, have raised the question of whether appellant had substantially proved his case as alleged. If it can be said that the question of whether a litigant has substantially proved the allegations of his petition ever becomes an issue for a jury, on which question we do not here pass, still it would be necessary for the court to define the terms "substantially" or "substantially proved" to the jury in connection with the special issue submitting the question, which was not done in the instant case; and from that fact it may be reasonably inferred that the court did not submit issue 15 upon the theory contended for by appellee. If issue 15 was merely intended as a general negative issue to the whole case pleaded, which we think it was, then the finding on it is in direct conflict with the jury's findings on issues 4, 5, by which they found, in effect, that appellant had substantially proved, as alleged, that appellee was negligent in the matter of furnishing appellant a reasonably safe place in which to work, and which negligence was a proximate cause of his injury. And since the jury found in answer to issues 4, 5 that appellee was negligent, as alleged in the general matter, of failing to furnish appellant with a reasonably safe place in which to work, and since they answered issues 6, 7 that appellee was not negligent in the specific matter of lighting its premises, as alleged by appellant, the answer "No," or that appellant had not substantially proved his injury as alleged, was not only in conflict with the findings to issues 4, 5, but in view of the finding to issues 6, 7 the answer made to issue 15 was the only way the jury could have answered consistently with their other findings, and for that reason issue 15 is not determinative of any independent fact upon which a judgment could have been based. In fact, the issue is confusing and should not have been submitted; and for the reasons stated the judgment of the trial court will be reversed and the cause remanded for another trial.

Reversed and remanded.

On Motion for Rehearing.

[4] Appellee files a motion withdrawing its first proposition wherein it contended for judgment on the jury's answer to issue 15, with proviso that we reverse and render judgment in favor of appellant for 10 per cent. of the damages found by the jury, in accordance with the suggestion made in our original opinion herein. We have concluded, in view of the admission of appellee and of the jury's answers to all issues submitted, that they clearly intended to find appellee guilty of negligence, at least to the extent of 10 per cent. of the damages assessed; and therefore the former opinion of this court reversing and remanding the cause is set aside, and the judgment of the trial court is reversed, and judgment here rendered in favor of appellant against appellee for 10 per cent. of the damages found by the jury, with interest thereon at 6 per cent. from the date of the trial court's judgment, together with all costs of suit both in the court below and on appeal.

Motion of appellee to reverse judgment of trial court and render judgment for appellant for 10 per cent. of the damages found by the jury granted.

Motion granted.