## McDONALD v. ALAMO MOTOR LINES.
### No. 11954.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 14, 1949.

Chas. J. Lieck, San Antonio, O. Shelley Evans, San Antonio, for appellant.

Clinton G. Brown, San Antonio, Brewer, Matthews, Nowlin & Macfarlane, San Antonio, Grady Barrett, San Antonio, for appellee.

NORVELL, Justice.

The jury in this case found that the sole proximate cause of plaintiff's injuries was the act of a third party. Judgment for the defendant was rendered upon the verdict.

McDonald, the plaintiff below, has appealed and presents fifteen points of error, all of which are argued together and in substance present one contention, namely, that the judgment must be reversed because the jury was informed of the fact that plaintiff carried health and accident insurance.

McDonald relies upon three formal bills of exception as supporting his contention. The pleadings and the matters set forth in the bills of exception, as qualified by the trial court, disclose the following facts and circumstances:

As an element of damage, McDonald pleaded, "that the nerves which controlled the movements of his right hand and arm have been damaged to such an extent that he does not now have the normal control of the movements of his right arm and hand and fingers; that he cannot write normally * * * all because of the injury."

Upon the trial, McDonald testified that he was an insurance solicitor, engaged in the business of selling life, health and accident insurance, and that after his injury he was severely handicapped in making out applications for insurance, as his hand bothered him so much he couldn't write.

It appears that McDonald carried a health and accident policy with his employer, American Bankers' Life Insurance Company. He made out a proof of loss upon the policy by filling in a form in his own handwriting; and also wrote by hand several letters to the insurance company in regard to the matter.

These instruments, as well as a specimen of McDonald's handwriting made prior to the time of injury, were offered in evidence by Alamo Motor Lines "for impeachment purposes."

It is readily apparent that this evidence was important from the standpoint of the defense. Its effect was perhaps broader than mere impeachment, as it tended to directly contradict one of the pleaded grounds of damage asserted by appellant. In any event, it is clear that a letter or document in McDonald's handwriting, written after his injury, was admissible for impeachment purposes. The question then arises as to whether or not these instruments are rendered inadmissible because of their tendency to inform the jury of the fact that McDonald carried health and accident insurance, which was an irrelevant matter insofar as the issue of liability as between the parties was concerned. The issue of McDonald's ability to write after the accident was material, and the mere co-incidental circumstance that the written instruments offered related to insurance did not make them unavailable for impeachment purposes.

The situation disclosed by the bills of exception may be likened to that involving an admission of a party. In regard to admissions, it is said in American Jurisprudence that: "Evidence showing the fact of an admission by the defendant may properly be admitted, although it appears that in making the admission the defendant stated he carried liability insurance. Thus, the fact that the defendant in an automobile accident case is insured against liability does not render him immune from use of his admissions by the other side. The precise extent to which such admissions may be used without injecting prejudicial matter into the case is a matter for the sound discretion of the court, to be decided in the light of all the surrounding facts and circumstances. Some courts adopt the view that if the fact of the defendant's liability insurance arises naturally, as an incident to proper examination of a witness, without a wilful attempt to establish such fact, no error is committed."[*]

20 Am.Jur. 352, § 392. See also McCormick and Ray, Texas Law of Evidence, 432, § 345; III Wigmore on Evidence, 3d Ed., 684–740, Self-contradiction.

It also appears that a medical expert testifying for Alamo Motor Lines stated that he had examined McDonald at the request of American Bankers' Life Insurance Company and had given a report of the results of his examination to the company. The doctor did not say that this examination was made in connection with a health and accident insurance claim and the jury was instructed not to consider the statements relating to the insurance company. No reversible error is disclosed in connection with the expert's examination as a witness nor his testimony.

In overruling the motion for new trial, the court presumedly found that the matter of insurance was not wilfully brought into the case in order to prejudice McDonald's claim. In view of the record, this holding is binding upon us. In fact, the bills of exception disclose that the trial judge used practical precautions so as to avoid prejudice insofar as possible. When the proof of loss or claim form, which had been filled out by McDonald, was displayed to the jury, the heading thereof was turned under and the jury's attention directed to the handwriting upon the paper. We think it was made reasonably clear to the jury that the material issue to which these various writings related was McDonald's claim that his writing ability had been impaired as a result of his injuries.

As the matter of insurance was not wilfully and improperly inserted into the case and no motion for mistrial made at the time, the written instruments were offered and received in evidence, it would appear that, in addition to the reasons heretofore given, the judgment would have to be affirmed upon authority of Ford v. Carpenter, Tex.Sup., 216 S.W.2d 558.

All of McDonald's points of error are overruled and the judgment appealed from is affirmed.

SMITH, C. J., absent.