## MOORE et al. v. DALLAS RY. & TERMINAL CO.

### No. 6097.

Court of Civil Appeals of Texas. Amarillo.

Feb. 12, 1951.

Rehearing Denied March 12, 1951.

James J. Sheerin and Charles C. Sorrells, Dallas, for appellants.

Burford, Ryburn, Hincks & Ford, Dallas, for appellee.

MARTIN, Justice.

O. L. Moore and J. A. Moore, dba Home Insulating Company, appellants, sued Dallas Railway & Terminal Company, appellee, for damage accruing by reason of a street car of appellee striking the truck of appellants. The jury found appellants' items of damage to be essentially as pleaded but found that appellants' truck driver was guilty of contributory negligence.

Upon the issues, the trial court rendered judgment that appellants should take nothing by their suit against appellee. Appellants perfected their appeal and assert two points of error as grounds for reversal of the judgment of the trial court.

Although the suit was brought in the name of O. L. Moore and J. A. Moore, appellants assert on page 12 of their brief that the suit was in fact an action on behalf of the plaintiffs and their insurer, Trinity Universal Insurance Company of Dallas, in that Trinity Universal Insurance Company had theretofore paid appellants the sum of $781 covering damage to the truck bed. Appellants had filed a claim with Trinity Universal Insurance Company of Dallas stating the damage to their truck was in the amount of $831. The $781 paid appellants was the full amount of damage to the truck as claimed by them less $50 deductible as provided in the policy.

In proving the damage to the truck body, appellants placed Roy M. Gaines on the stand as a witness. This witness was examined in detail with reference to estab-

lishing the value of the truck and particularly with reference to whether the truck body had a cash market value or only had an intrinsic value. On a prior trial of this cause, it appears that the witness Gaines testified to facts establishing the value of the truck as being confined to its intrinsic worth. In the present trial he testified that the truck body had a cash market value in Dallas County, Texas.

Out of the situations as detailed in the two preceding paragraphs were drawn the two errors complained of by the appellants. These two asserted errors will be discussed in the order raised in appellants' brief.

Appellants' first error complained of is the admission, over appellants' objection, of appellants' proof of loss to their insurer, Trinity Universal Insurance Company of Dallas, wherein the appellants stated the damage to their truck was the sum of $831.

The trial court admitted the evidence as to appellants' statement to their insurer that their damage was $831 and appellants made no request for a mistrial on the admission of this evidence before the jury. Though only claiming $831 damage to the truck body in making the claim for insurance, the appellants' pleading in the trial court alleged their truck body was damaged in the sum of $1150 and appellants introduced evidence in support of such pleadings. The jury found this item of damage was $1000. Appellant pleaded a further item of truck rental expense at $200. The jury found this item was $200. Appellants admit that the cause was brought jointly for their benefit and that of their insurer, Trinity Universal Insurance Company.

■■ Appellants' statement to their insurer as to their damage being only $831 was clearly an admission, or declaration against interest, in the light of appellants' pleading and evidence later setting up a claim in the trial court for the sum of $1150 for the same item. The insurance company though not joined in name, under the subrogation claim, was in reality a party to the suit. In a suit for damage, it is a well recognized rule that the introduc-

tion in evidence before the jury of facts showing that either party is insured is reversible error. In the light of the particular facts of this cause, this rule does not apply. McDonald v. Alamo Motor Lines, Tex.Civ.App., 222 S.W.2d 1013; Harper v. Highway Motor Freight Lines, Tex.Civ.App., 89 S.W.2d 448; Engler v. Hatton, Tex.Com.App., 12 S.W.2d 990.

■ But, aside from the matters above stated, no error is shown in the introduction in evidence of appellants' admission as made to the Trinity Universal Insurance Company. Appellants would have recovered their items of damage practically as pleaded but for the jury's finding that appellants' truck driver was guilty of contributory negligence. The evidence complained of is not in regard to the manner of the occurrence but solely as to the amount of damage. "The question of damages becomes immaterial in view of the other findings." Further, appellants did not ask for a mistrial on introduction of the evidence as complained of and thereby waived any error as to admission. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558. The burden was also upon appellants to show harm and they have not done this. Rule 434, Texas Rules of Civil Procedure; Texas Power & Light Co. v. Hering, Tex. Sup., 224 S.W.2d 191.

■■ Appellants assert as their second point of error admission before the jury of certain statements of a trial court as made to the witness Gaines on a prior trial of the cause. An examination of the statements of the court as made to the witness discloses that the court was merely trying to clarify to the witness the element of cash market value as compared to intrinsic value. There was no complaint that the statements of the trial court did not truly assert to the witness the distinguishing features of the two rules of value. In the present trial, the attorney for appellee, on voir dire examination, carried the witness through the same type of testimony and statements without objection. No apparent distinction can be made between an examination by a trial court and an examina-

tion by an attorney for the appellee if the same be properly conducted. Again, it is observed that this examination was only pertinent to the question of the amount of damage to the truck body. The jury awarded the appellants their damage practically as pleaded so no harm to appellants can be found as to the statements of the trial court. Rule 434, Texas Rules of Civil Procedure.

An examination of the errors as asserted by the appellants does not reveal any error as was reasonably calculated to cause or probably did cause the rendition of an improper judgment in the case. The judgment of the trial court is affirmed.