**BARTON PLUMBING COMPANY, et al.,**
**Appellants,**

**v.**

**Thomas Lee JOHNSON, et ux., Appellees.**

**No. 12867.**

Court of Civil Appeals of Texas.

Galveston.

Dec. 22, 1955.

Rehearing Denied Jan. 12, 1956.

Butler, Binion, Rice & Cook; Frank J. Knapp, and John L. McConn, Jr., Houston, for appellants.

John L. Hill, and W. James Kronzer, Houston (Hill, Brown, Kronzer & Abraham, Houston, of counsel), for appellees.

HAMBLEN, Chief Justice.

The litigants agree that the following statement of the nature and result of this suit, taken from appellants' brief, is correct.

"This is a suit for personal injuries arising out of a collision between a pick up truck in which Mr. Thomas Lee Johnson and his wife were the occupants, and another pick up truck owned by H. B. Watson, individually and d/b/a Barton Plumbing Company and operated by O. M. Felts, which occurred on or about August 24, 1952, in approximately the 9700 block of Humble Road in Harris County, Texas. The Appellees, Thomas Lee Johnson and

his wife, Velda Johnson, recovered judgment on the verdict of the jury in the sums of $1,000 and $9,000, respectively, against H. B. Watson, individually and doing business as Barton Plumbing Company, Appellants, for alleged personal injuries, together with additional sums for property damage and medical expenses.

"The Trial Court, over Appellants' objections, allowed evidence before the jury in this common law damage suit showing that Dr. Solomon D. David, one of Appellants' medical witnesses, had been a stockholder and director in the Traders & General Insurance Company and that Appellants were indemnified against liability on the accident in question under a policy of automobile liability insurance which they held with said insurance company."

In their one point of error, appellants complain that the trial court erred in admitting evidence, over appellants' objection, which informed the jury that appellants were indemnified through a policy of liability insurance with respect to any loss suffered as a result of the accident made the basis of this suit. We overrule the point.

For the purposes of our discussion, we feel that appellants' statement of the case, as above set forth, should be enlarged upon to the extent of stating that the relationship of the witness Dr. Solomon David with Traders & General Insurance Company, as a stockholder and director of that company was shown without dispute to exist at the time he examined the appellees and made the written report concerning which he was called to testify.

■ It is, of course, well established in Texas that it is error to inform a jury in a common law damage suit that the defendant is indemnified by liability insurance on the accident in question, unless such showing is made on a material issue. Southland Greyhound Lines, Inc., v. Cotten, 126 Tex. 596, 91 S.W.2d 326. However, we do not understand, from our examination of the relevant authorities, that that rule is intended to override the equally positive and salutary principle that a party has the right to cross-examine the witness produced by his adversary, touching every relation tending to show interest or bias. Such appears to be the clear holding of the San Antonio Court of Civil Appeals in the case of Aguilera v. Reynolds Well Service, Inc., 234 S.W.2d 282, 285. In that case the trial court refused to permit the plaintiffs, upon cross-examination, to develop the fact that a witness for the defendants, who had given testimony damaging to plaintiffs' case, was the agent of an insurance company and had written public liability insurance covering the truck involved in the collision giving rise to the law suit. The Court of Civil Appeals, after noting the established rule as applied in Southland Greyhound Lines, Inc., v. Cotten, supra, held such refusal to be error, and reversed and remanded the case. Justice Norvell, speaking for the court, uses the following language: "We are unwilling to hold that an agent of an insurance company which is a real party at interest may take the stand as an apparently disinterested witness, give testimony damaging to the opposing party, and then be exempt from cross-examination designed to show his connection with the company." The Supreme Court refused a writ of error.

■ The Aguilera case appears to this Court to be factually analogous to, and the rationale of the decision to be clearly applicable to, the present case. Appellants seek to distinguish the Aguilera case upon the ground that in that case the local insurance agent had been allowed to appear as a wholly disinterested witness before the jury, whereas, in the present case, facts going to the credibility of Dr. David had been fully developed when it was shown that he was a compensated expert medical witness. We agree with the appellees that there is a vast difference between the probable bias or interest of an independent contracting doctor and medical witness who is shown to have been employed by and paid by the litigant offering his testimony, and that of such a witness who, in addition to his ordinary fees, is entrusted with the economic affairs of an insurance carrier for the defendant and has a consequent direct interest in the outcome of the litigation.

We hold that the proof, the admission of which is here complained of, was highly relevant, independently of the fact that its admission necessarily disclosed to the jury that the defendant was indemnified by a policy of liability insurance, and consequently its admission was not error.

Judgment affirmed.