**J. D. TAYLOR et al., Appellants,**

**v.**

**Alvin M. OWEN, Appellee.**

**No. 12972.**

Court of Civil Appeals of Texas.

San Antonio.

May 2, 1956.

Rehearing Denied May 31, 1956.

W. Pat Camp, Sidney Callender, San Antonio, for appellants Taylor and Daughett.

Moursund, Ball, Bergstrom & Barrow, San Antonio, for appellant-cross-defendant Clarence Walker.

Harry Schulz, Three Rivers, Reese Wade, Beeville, for appellee Owen.

W. O. MURRAY, Chief Justice.

This suit was instituted by J. D. Taylor and G. E. Daughett in the District Court of McMullen County, Texas, against Alvin M. Owen, seeking to recover damages for personal injuries and property damages resulting from a collision between a truck owned by G. E. Daughett and driven by J. D. Taylor and another truck owned and driven by Alvin M. Owen. The collision occurred on July 12, 1954, at about 10:30 A.M., in McMullen County on Farm Road No. 63, about twelve miles west of the town of Tilden. Farm Road No. 63 runs generally in an easterly and westerly direction and lies between the town of Tilden on the east and the town of Fowlerton on the west. At the time of the collision Owen was traveling in an easterly direction to-

ward Tilden,· while Taylor was driving Daughett's truck in a westerly direction and going toward Fowlerton. There was a pick-up truck belonging to the Texas Highway Department and under the control of one Clarence Walker parked near the scene of the collision, on the south side and perpendicular to the paved portion of the highway, and, according to at least some of the evidence, a part of it was protruding over the paved portion of said highway.

The cause was submitted to the jury upon fifty-one special issues. The jury by their answers exonerated the ·defendant, Owen, of all acts of negligence, and further found that Owen was acting in an emergency. The jury exonerated plaintiff Taylor of all acts of negligence except one, with reference to applying his brakes, but further found that such failure was not a proximate cause of the collision. The jury further found that the cross-defendant, Clarence Walker, before the collision, had parked the pick-up truck on the south side of the highway with its front part protruding over a portion of the pavement; that such act· was negligence and a proximate cause of the collision.

The trial court rendered judgment that plaintiffs, J. D. Taylor and G. E. Daughett take nothing against Alvin M. Owen and further that Alvin M. Owen recover from Clarence Walker the sum of $900 for property damage to his truck, from which judgment J. D. Taylor and G. E. Daughett have prosecuted an appeal, and likewise Clarence Walker has prosecuted a separate appeal.

By their third point of error appellants Taylor and Daughett contend that the court erred in excluding certain parts of a written statement made by appellee, Owen. On July 12, 1954, shortly after the collision, Owen made a written statement reading as follows:

"I am Alvin Monroe Owen, a white married male of legal age, living in Three Rivers, Texas. I am the owner of a 1951 G.M.C. 1½ Ton Truck. I am the Humble Agent in Three Rivers.

and I am the holder of a valid Drivers License for the State of Texas.

"On the 12th day of July 1954 at about 10:30 A.M. while I was driving my truck, I was involved in an accident. I was alone at the time and I was traveling East on Farm Road 63. When I was about 12 miles West of Tilden, Texas, the accident occurred. I was going about 60 miles per hour on this two lane paved highway. There was a State Highway truck parked on the south side of the highway. This Highway Truck was facing North and was parked 90 degrees to the highway. When I neared the highway truck, I thought that the front end of the Highway truck was over the edge of the pavement. In other words, the front end of the Highway truck was still over the south edge of the pavement of the highway. When I neared this parked Highway truck, I pulled to the left a little in order to go around the parked Highway Truck. As I started to pass the Highway truck, there was westbound Texas Consolidated Truck near the scene. This truck was traveling on his right side of the highway. When I started to pass the parked Highway truck, I thought that I would not have enough room to clear both the front end of the Highway truck and the left side of the Texas Consolidated Truck. Therefore, I tried to cut the truck that I was driving, 90 degrees to the highway in order that I could get on the north or right side of the westbound truck. I had already applied my brakes before I tried to cut to the left and make a 90 degree turn. The westbound truck hit the right side of my truck at the rear wheels. The cab of my truck was far enough North of the highway so that the front of the westbound truck did not hit the truck. The impact of the blow knocked my truck over and it came to rest with the wheels up. The front of my truck was facing at a slight angle to the highway so it was facing about east of southeast. I was not knocked out of

**774**

the cab of the truck. As a result of the accident, I received a cut on my right hand and a cut over my right eye. I am sore but the two cuts is all that I know.

"The driver of the westbound truck (Texas Consolidated Transport Company) was not at fault for the accident in any way.

"The Highway Patrol made an investigation of the accident.

"I have read the above and it is true and correct to the best of my knowledge. Signed this 12th day of July 1954 in Three Rivers, Texas.

"Alvin Owen
"Carter Walker
Witness"

■ Appellants offered the two following statements: "When I was about 12 miles west of Tilden, Texas, the accident occurred" and "I was going about 60 miles per hour on this two-lane highway." The court excluded the statements and appellants assign error.

The statements were admissible. It is true that the written statement does not affirmatively state that Owen was going 60 miles per hour at the very moment of the accident, but a fair inference to be drawn from the entire statement is that at the time of the accident he was traveling at the rate of 60 miles per hour. Just what Owen meant by the statement was a matter to be weighed and construed by the jury. Owen was both the driver and owner of the truck. He was not a truck driver employed by someone else, but he was driving for himself. He was the defendant in the case and any admission against his own interest made by him was not only admissible for impeachment purposes but also as original evidence. 17 Tex.Jur. 543, § 224; Wigmore on Evidence (2d Ed.), § 1953; 2A Texas Law Review 407; Forrister v. Sullivan, 231 Mo. 345, 132 S.W. 722; Grodsky v. Consolidated Bay Co., 324 Mo. 1067, 26 S.W.2d 618; Rowe v. Liles, Tex. Civ.App., 226 S.W.2d 253; McCormick and

Ray, Texas Law of Evidence 632, § 493; McLean v. Hargrove, Tex.Com.App., 139 Tex. 236, 162 S.W.2d 954; Farrand v. Houston & T. C. R. Co., Tex.Civ.App., 205 S.W. 845; Hovey v. See, Tex.Civ.App., 191 S.W. 606; Downs v. McCampbell, Tex. Civ.App., 203 S.W.2d 302.

Owen testified at the trial that he was going not more than forty-five miles per hour, which was a lawful speed, while sixty miles per hour was an unlawful speed for a truck.

Owen admitted that some time before the collision he was driving at sixty miles per hour, and contends that therefore there was no conflict between the written statement and his testimony at the trial. We do not agree. The jury was entitled to know that he had stated, in describing the collision, that he was going sixty miles per hour. The jury could hear his explanation that he was really referring to a time other than the time of the accident and could weigh the statement in the light of his explanation, which they in their discretion might or might not accept.

■ Appellee contends that this written statement was taken by an insurance adjuster and, therefore, if the trial court had admitted the statement, in explaining the circumstances under which it was made the question of insurance would have been injected into the case. It could have been shown that the adjuster was an interested person, adverse to Owen, without necessarily showing that he was a representative of an insurance company.

Regardless of this, appellants were entitled to the benefit of this written statement, or any part of it they might wish to introduce, and they should not be denied their rights because of the possibility that insurance might unintentionally be injected into the case. 4 A.L.R.2d 781, § 8; Moore v. Dallas Ry. & Terminal Co., Tex. Civ.App., 238 S.W.2d 741.

■ It is also contended that the adjuster represented an insurance company which carried insurance on Owen's truck

as well as on the Walker truck, and thus the adjuster had both a friendly and an adverse interest at the time he was securing the statement. This would not justify the exclusion of the statement or any part thereof. If Owen thought it was to his advantage to introduce the entire statement, rather than just extracts therefrom, it was his privilege to offer the entire statement when appellants offered parts of it.

The jury might have rendered a different verdict if they had known that only a short time after the collision Owen had made a written statement that he was going sixty miles per hour.

■ Appellants also offered in evidence the following sentence from Owen's statement: "The driver of the westbound truck (the truck which Taylor was driving) was not at fault for the accident in any way." It was also error to exclude this statement. It is true that this sentence is in the nature of a conclusion of Owen's but he was a party to the suit, and such a conclusion by a party to the suit, as distinguished from an agent of the party, was admissible against his interest as well as for impeachment purposes. The jury found that Taylor failed to apply his brakes largely based upon the testimony of Owen that he did not see any skid marks made by the tires of the truck driven by Taylor.

In McCormick and Ray, Texas Law of Evidence 632, § 493, we find the following:

"By the better view a party's admissions are in no way limited by the Opinion Rule. This is clearly supported by every day practice in our courts, where statements made by a party that he was 'at fault,' 'in the wrong,' and like inferential conclusions are customarily received in evidence against him without question. The opinion-rule is a rule designed to regulate the examination of witnesses on the stand, so as to receive from them as far as practicable concrete descriptions, rather than opinions which describe less definitely the facts inquired about. Obviously this policy can have no applica-tion to the question of admitting statements made out of court, for such statements may be of great value as evidence, whether or not they happen to be what would be called in the courthouse, 'facts,' meaning the most concrete description of the situation, or 'opinion,' meaning a less concrete statement."

See also: 17 Tex.Jur. 543, § 224; McLean v. Hargrove, Tex.Com.App., 139 Tex. 236, 162 S.W.2d 954; Farrand v. Houston & T. C. R. Co., Tex.Civ.App., 205 S.W. 845 (writ of error dismissed).

■ By their first point of error, appellants contend that Owen was guilty of negligence proximately causing the collision as a matter of law. Inasmuch as there must be another trial of this case, we will not go into a detailed discussion of the evidence, but will state that when the entire record is considered we are unable to say, as a matter of law, that Owen was guilty of negligence proximately causing the collision.

We will state in connection with appellants' second point of error, without discussing the evidence for the reasons above stated, that we do consider the answers of the jury, to the effect that Owen was not guilty of any acts of negligence, to be against the great weight and preponderance of the evidence.

Appellants Taylor and Daughett timely, on Jan. 5, 1955, filed in the District Court of McMullen County a request for twelve admissions of fact on the part of appellee, Alvin M. Owen. The request was replied to by M. J. Flahive as attorney for Owen on January 12, 1955. The affidavit to the reply, omitting formal parts, reads as follows:

"I, M. J. Flahive, do hereby swear that I have executed the above and foregoing answers to Plaintiffs' Request for Admissions to the best of my knowledge and belief, that the same are true and correct.

"M. J. Flahive"

(Here follows the jurat of the Notary Public.)

■ On February 25, 1955, appellants filed their motion asking the court to enter an order taking appellants' request for admissions as confessed because, in effect, some of the answers were evasive and contained self-serving statements, and further the reply was not properly verified in that it was made by appellee's attorney to the best of his knowledge and belief. Appellee answered this motion on February 28, 1955, but did not ask for additional time to file amended answers or an amended affidavit. On June 20, 1955, the trial court entered an order overruling appellants' motion. In doing so, the trial court erred. A reply to a request for admissions made only on information and belief does not meet the requirements of Rule 169, Texas Rules of Civil Procedure. Durrett v. Boges, Tex.Civ.App., 234 S.W.2d 898.

■ Neither do answers which are evasive and contain self-serving statements comply with the requirements of said Rule 169. Mosby v. Texas & Pacific Ry. Co., Tex.Civ.App., 191 S.W.2d 55.

What we have stated above requires a reversal of the entire judgment, including that part which awards to Owen a judgment in the sum of $900 against cross-defendant Clarence Walker for damages to his truck.

The judgment is reversed and the cause remanded.