Willie HOUSTON, Appellant,

v.

SHAW TRANSPORTS COMPANY et al.,
Appellees.

No. 13040.

Court of Civil Appeals of Texas.

Galveston.

Dec. 6, 1956.

Marvin Schulman and Homer T. Bouldin, Houston, for appellant.

Vinson, Elkins, Weems & Searls and B. Jeff Crane, Jr., Houston, for appellees.

GANNON, Justice.

This is a personal injury suit growing out of a highway accident occurring October 8, 1952, at about 10 p. m. on U. S. Highway 90 approximately ten miles out of the City of Columbus. Plaintiff Willie Houston alleged that as he was proceeding in an easterly direction along and over Highway 90 in a Chevrolet car, coming toward Houston, he suddenly and unexpectedly came upon a spare tire directly in his path which the defendant Shaw Transports Company had negligently allowed to come loose from one of its trucks and had negligently permitted to remain in the traveled part of the highway and in the south lane thereof, being the righthand side of the highway for the direction in which plaintiff, Willie Houston, was traveling. Plaintiff, Willie Houston, further alleged that as the Chevrolet vehicle which he was operating "came into the vicinity of the tire and wheel lying in the road, the Chevrolet was driven over a hill and down an incline and struck the tire * * * causing the Chevrolet automobile to turn over and throwing the occupants out of the vehicle and inflicting the injuries and

damages hereinafter complained of." The defendant, Shaw Transports Company, answered, and, among other pleas, set up contributory negligence on the part of the plaintiff, Willie Houston. Shaw Transports Company also impleaded a third party defendant, White Motor Company, claiming that the spare tire was caused to fall from its truck as the direct and proximate result of neglect on the part of White Motor Company in installing the spare tire and wheel upon its motor truck and in failing to inspect the installation of same as well as in failing to inform Shaw Transports Company that the spare tire and wheel were not properly installed upon the motor truck. Shaw Transports Company sought indemnity, and alternatively contribution from White Motor Company.

The cause proceeded to trial before the court and a jury, and was submitted upon special issues. Plaintiff's damages, resulting from the collision accident, were placed by the jury at $2,000. In answer to properly submitted special issues the jury found primary negligence upon the part of the defendant, Shaw Transports Company, but also contributory negligence in the matter of lookout on the part of the plaintiff, Willie Houston. In answer to another special issue the jury found that *"at the time of the collision"* the plaintiff, Willie Houston, was acting under an emergency. The court defined "emergency" as "a *condition* arising suddenly and unexpectedly and not proximately caused by the negligent act or acts of Willie Houston and which called for immediate action on his part without time for deliberation." In answer to still another issue the jury found that *"after being confronted with such emergency"* plaintiff, Willie Houston, used such care as would have been used by an ordinarily prudent person under the same or similar circumstances.

The appeal is before us on a transcript of the record without an accompanying statement of facts. There has been filed what is *denominated* a "Statement of Facts", but this is only a nine page "partial transcript as requested by plaintiff's counsel" and is actually nothing more than a bill of exceptions prepared for the limited purpose of showing the rulings of the court in permitting counsel for the third party defendant, White Motor Company, to prove by plaintiff for impeachment purposes that he had filed a compensation claim with the Industrial Accident Board *for compensation,* which claim covered precisely the same injuries as those sued for in the present common law action and in which claim Willie Houston described his injuries in a way inconsistent with the claims he made concerning the same in his testimony in the present case.

The adverse judgment of the trial court against plaintiff, Willie Houston, appellant here, rests upon special issue findings establishing his contributory negligence in the matter of lookout. If there is a fatal mutually destructive conflict between those findings as claimed by plaintiff and the findings exonerating plaintiff from negligent conduct after being confronted with an emergency, the judgment cannot stand.

■ Error predicated on conflicting findings is fundamental and will be considered without a statement of facts. Gates v. Union Terminal Company, Tex.Civ.App., 295 S.W. 939. But in the absence of a statement of facts, the task of determining conflict vel non is necessarily a metaphysical, abstruse and bewildering one—especially in a case such as the present where one must be careful to distinguish between "cause" and "mere condition".

The differentiation is recognized by our Supreme Court. See Missouri-Kansas-Texas R. Co. of Texas v. McLain, Tex.Com. App., 105 S.W.2d 206, 208, where Judge German in an opinion adopted by the Court said: "Negligence creating a condition may become the proximate cause of an injury, even though the active cause is some intervening agency, if the fact of the intervening agency could have been under all the circumstances reasonably anticipated. If it could not have been foreseen, the interven-

ing agency will be regarded as the proximate cause. In the case of Paris & G. N. Railway Company v. Stafford, Tex.Com. App., 53 S.W.2d 1019, 1021, the court quoted with approval the following language: 'On the other hand, if the agency intervening was one over which the original tortfeasor had no control, and which was not put in motion by the original wrongful act; and if the character of the intervening agent, and the manner of the intervention, were such as, under the circumstances, could not reasonably have been expected to occur in the ordinary course of nature and according to common experience—then such independent agency so intervening will be treated as the sole proximate cause, and the original wrongful act will be treated as only a condition.' "

■ A corollary of the stated principles is that contributory negligence of a claimant —not in anywise responsible for a negligently created condition may concur therewith proximately to cause his injuries. Gonzales v. City of Galveston, 84 Tex. 3, 19 S.W. 284.

■ Plaintiff, Willie Houston, appellant here, first complains of fatal and irreconcilable conflict between the answers of the jury to special issues Nos. 25 and 26 establishing contributory negligence upon his part in the matter of lookout, and the answers of the jury to issues 17 and 18 wherein it was found that *at the time of the collision* in question plaintiff was acting in an emergency and used such care as a prudent person would have used under the same or similar circumstances. Issues Nos. 17 and 18, 25 and 26, are hereinafter quoted, but attention is directed to the precise time or times inquired about in special issues Nos. 17 and 18 as contrasted with the time inquired about in special issues Nos. 25 and 26. Special issue No. 17 makes inquiry with reference to "the time of the collision." Special issue No. 18 makes inquiry with reference to the time *after* Willie Houston was "confronted with such emergency"; whereas, special issues Nos. 25 and 26, each and

both, make inquiry with reference to the time *"immediately before the collision made the basis of the suit."* We apprehend there is a distinction between the actual *time of the collision* and as well the time after which Willie Houston was confronted with an emergency, and the larger time that would be embraced by the expression "immediately before the collision." Obviously "at the time of" and "immediately before" are not synonymous. It is clear to our minds that the two sets of issues inquire in respect to conduct occurring at different times, the one inquiring in respect to time *immediately before* the collision and the other *"at the time of the* collision" and "after being confronted with such emergency." Of course, in the absence of a statement of facts we have no inkling of the proof, which compounds the difficulty of abstruse reasoning and makes the process bewildering indeed. These difficulties, no doubt, account for the Supreme Court's statement in Houston Fire & Casualty Insurance Company v. Walker, 152 Tex. 503, 260 S.W.2d 600, 603, where the Court said: "It is an exceptional case in which an appellant is entitled to a reversal of the trial court's judgment in the absence of a statement of facts * * *." The subject issues follow:

"Special Issue No. 17

"Do you find from a preponderance of the evidence that under all the facts and circumstances in evidence before you, the plaintiff, Willie Houston, was at the time of the collision acting under an emergency?

"You will answer: 'It was not an emergency', or 'It was an emergency'.

"In connection with the above issue, you are instructed that the word 'emergency', as used herein, means a condition arising suddenly and unexpectedly and not proximately caused by the negligent act or acts of Willie Houston and which called for immediate action on his part without time for deliberation.

"To which the jury answered: 'It was an emergency'.

"Special Issue No. 18

"Do you find from a preponderance of the evidence, if any, that the plaintiff, Willie Houston, after being confronted with such emergency, if any, used such care as an ordinarily prudent person would have used under the same or similar circumstances?

"Answer: 'We do' or 'We do not'.

"To which the jury answered: 'We do'.

\*   \*   \*   \*   \*   \*

"Special Issue No. 25

"Do you find from a preponderance of the evidence that Willie Houston failed to keep such lookout immediately before the collision made the basis of this suit, as would have been kept by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances?

"Answer: 'We do' or 'We do not'.

"To which the jury answered 'We do'.

"Special Issue No. 26

"Do you find from a preponderance of the evidence that the failure, if any, of Willie Houston to keep such lookout immediately before the collision made the basis of this suit as would have been kept by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances, if you have so found, was *a* proximate cause of the collision?

"Answer: 'We do' or 'We do not'.

"To which the jury answered: 'We do'.

"Special Issue No. 27

"Do you find from a preponderance of the evidence that the failure, if any, of Willie Houston to keep such lookout immediately before the collision made the basis of this suit as would have been kept by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances, if you have so found was *the sole* proximate cause of the collision?

"Answer: 'We do' or 'We do not'.

"To which the jury answered: 'We do not.'"

We find no conflict in the answers to the above quoted issues, and appellant's contention that these issues are conflicting and mutually destructive of each other is overruled on the authority of the following cases: City Transportation Co. of Dallas v. Vatsures, Tex.Civ.App., 278 S.W.2d 373; Ynsfran v. Burkhart, Tex.Civ.App., 247 S.W.2d 907; Williams v. Voight, Tex.Civ.App., 264 S.W.2d 454; Reddick v. Longacre, Tex.Civ. App., 228 S.W.2d 264; Little Rock Furniture Manufacturing Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985.

We are able to add but little, if anything, to what is said in those cases. However we desire to point out that where, as here, an emergency is defined as a condition and where as in this case that condition is the presence of a spare tire or wheel in the road, it is obvious, we think, that the jury in answering special issue No. 17 had in mind only that Willie Houston was in no way responsible for *the presence* of the spare tire or wheel in his traveled portion of the highway. The phrasing of the time element in issues Nos. 17 and 18, contrasting as it does with the phrasing of a different time element in issues Nos. 25 and 26, makes it abundantly clear to our minds that the jury considered there was a distinction between the condition out of which the accident arose and the act of omission on Willie Houston's part which they found concurred proximately to cause it.

■ Appellant also complains that it was error for the court to permit third party defendant, White Motor Company, to prove by the introduction in evidence of executed blanks signed by Willie Houston that he had made a claim for compensation on account of the injuries which he received in the accident made the basis of the suit. Plaintiff's bill of exception, denominated "A Partial Transcript", reveals that the trial court permitted the attorneys for third party defendant to question plaintiff in respect to his having made a claim for compensation and

to introduce the notice of injury and claim blanks filed by plaintiff with the Industrial Accident Board in connection with the claim, and to cross-examine him with reference to discrepancies between his description of his injuries in these blanks and his testimony given at the trial of this case. Complaint is further made of certain of the jury argument made by counsel for third party defendant, White Motor Company, based upon his cross-examination of plaintiff with reference to these claim blanks, wherein counsel argued to the jury that plaintiff was exaggerating his injuries because when he described the same injuries as less serious in his claim before the Industrial Accident Board he was asserting a claim for money and would normally be expected to be as full and explicit in describing them as in his testimony before the jury; whereas, in fact, in his testimony before the jury in the present case he claimed much greater and more extensive injuries than he claimed before the Industrial Accident Board. We see no error in the proceedings complained of, either the cross-examination of plaintiff, the admission of the blanks, or the argument made to the jury thereon. The evidence was independently relevant and proper for impeachment purposes and, therefore, admissible. We need not dwell on the distinction between such proof when properly admissible for impeachment purposes as having independent relevancy and mere proof of the fact, without more, that at the time of an accident plaintiff was covered by compensation insurance, when that fact would have no independent relevancy to any matter at issue. The distinction has been too often ruled on. McDonald v. Alamo Motor Lines, Tex.Civ.App., 222 S.W.2d 1013; Moore v. Dallas Railway & Terminal Co., Tex.Civ.App., 238 S.W.2d 741; Aguilera v. Reynolds Well Service, Inc., Tex.Civ.App., 234 S.W.2d 282; W. R. Barton Plumbing Co. v. Johnson, Tex.Civ. App., 285 S.W.2d 780, writ refused.

Affirmed.

CODY, J., not sitting.