Clifton C. CHESHIRE, Appellant,

v.

DOW CHEMICAL COMPANY et al.,
Appellees.

No. 3538.

Court of Civil Appeals of Texas.

Waco.

Dec. 11, 1958.

Rehearing Denied Jan. 8, 1959.

Mandell & Wright, Houston, for appellant.

Baker, Botts, Andrews & Shepherd, Thos. M. Phillips, Rush Moody, Jr., Houston, for appellees.

McDONALD, Chief Justice.

Plaintiff Cheshire instituted this suit against defendants Dow Chemical Company, and Stone & Webster Engineering Corporation, as a third-party action, for damages for personal injuries sustained by him while working on the premises of Dow and whereon Stone & Webster had a contract to perform certain work. Plaintiff was an employee of Riley Stoker Corporation, and was engaged as a boilermaker in the construction of a tank. After disposing of his claim for Workmen's Compensation he filed the instant case against defendants, alleging his injuries were caused by the negligence of Stone & Webster in laying a six-inch pipe upon railroad ties, in an area where he, with others, had to cross, carrying a very heavy expansion joint; that the pipe was not properly secured, chocked, or made fast, so that when he crossed the pipe, it rolled off the railroad ties whereon it had been placed, falling on him, causing injury. Plaintiff alleged negligence on the part of Dow in not providing him a safe place in which to work. The record reflects that the six-inch pipe was laid across railroad ties or wooden blocks; that such pipe was not secured or fastened to the ties; that plaintiff was one of some seven or eight men who were carrying a very heavy (300 to 800 pounds) expansion joint to its place of use; that plaintiff and the others crossed the pipe; that plaintiff was the third or fourth man in line; that those ahead of plaintiff crossed the pipe; that plaintiff crossed and cleared the pipe with his left foot; that as he was going over with his right foot the pipe fell or rolled on his right leg and ankle, causing injury to his foot, ankle, and leg.

Trial was to a jury, which, in answer to Special Issues, found:

1) Defendant Stone & Webster's failure to chock the pipe in the pathway of the expansion joint that was being moved was negligence.

2) Such negligence was a proximate cause of plaintiff's injuries.

3), 4), 5), 6), 7), 8), 9), 10) Acquits defendant Dow Chemical Company of any negligence.

11) The expansion joint that was being moved did not come in contact with the pipe line immediately before the occurrence in question.

12) Not answered.

13) As plaintiff was engaged in moving the expansion joint over the pipe line he failed to pay such attention to the pipe as it was laid out as would have been paid by a person of ordinary prudence, acting under the same or similar circumstances.

14) Such failure was a proximate cause of plaintiff's injury.

15) Plaintiff, in attempting to move the expansion joint over the pipe as it was laid out, failed to exercise that degree of care for his own safety that would have been exercised by a person of ordinary

care acting under the same or similar circumstances.

16) Such action was a proximate cause of the accident in question.

17), 18), 19), 20) Acquits plaintiff of other acts of contributory negligence.

21) The absence of chocks under the pipe line as it was laid out was open and obvious.

22) Plaintiff did not knowingly and voluntarily expose himself to the hazards which existed at the time and place and on the occasion in question by reason of the absence of chocks or stakes.

23) The occurrence was not the result of an unavoidable accident.

24) Awarded plaintiff damages in the amount of $4,800.

Upon the foregoing verdict the Trial Court entered judgment that plaintiff take nothing. Plaintiff appeals, seeking a reversal and remand of the cause based upon the following contentions:

1) Issues 13, 14, 15, and 16 (which convict plaintiff of negligence proximately causing his injuries) are supported by no evidence.

2) The answers to Issues 13, 14, 15, and 16 are against the great weight and preponderance of the evidence.

3) Issue 21 is supported by no evidence; or insufficient evidence; and in any event cannot form the basis for the judgment entered.

4) Evidence was introduced before the jury, over plaintiff's objection, that plaintiff was covered by Workmen's Compensation insurance and made a claim and filed a suit to enforce his rights thereunder.

We here have a plaintiff, who was injured while crossing a pipe line which rested on six-inch ties, suing the owner of the premises and those responsible for the pipe line. The jury convicted the party who constructed the pipe line of negligence; acquitted the owner of the premises of negligence; and convicted plaintiff of two acts of contributory negligence proximately causing his injuries. From an adverse judgment based on such jury verdict, plaintiff appeals contending there is no evidence or insufficient evidence to support the finding that he was contributorily negligent; that certain other issues would not support the take nothing judgment entered; and that the Trial Court erred in admitting certain evidence which reflected that plaintiff was covered by Workmen's Compensation insurance.

We revert to plaintiff's first and second contentions, that there is no evidence or insufficient evidence to support the jury's findings that plaintiff was contributorily negligent and that such was a proximate cause of his injury. The jury found that as plaintiff was engaged in moving the expansion joint over the pipe line he failed to pay such attention to the pipe as it was there laid out as would have been paid by a person of ordinary prudence acting under the same or similar circumstances; that plaintiff, in attempting to move the expansion joint over the pipe line as then laid out, failed to exercise that degree of care for his own safety that would have been exercised by a person of ordinary prudence under the same or similar circumstances; and that both of the foregoing were a proximate cause of the accident. Plaintiff was third or fourth in a line of some eight men moving the very heavy expansion joint to the place of its intended use. The pathway of such movement led across the place where the pipe line was laid upon the railroad ties. The men in front of plaintiff crossed the pipe line; plaintiff cleared with his left foot and as he raised his right foot the pipe rolled off the cross ties and upon his foot and leg. Plaintiff testified he never touched the pipe. The record reflects that the pipe line was in position on the day of the accident; that it was so located leaving a three to four foot open expanse of con-

crete apron between the pipe and persons approaching from the direction plaintiff approached from; that there was nothing to obstruct a view of the pipe or the way it was placed; that the pipe had been in place and in use for some time prior to the day of the accident; that both men and materials had crossed the line many times before the accident without incident; that loads of casing had been placed on top of the line on the day of the accident without moving it or disturbing it. The record further reflects that plaintiff himself knew of the pipe line and had actually been working back and forth across it all morning. The only time the pipe moved all day long was at the precise moment when plaintiff was crossing over it with a heavy piece of equipment. Plaintiff himself testified that he wasn't paying any attention to the pipe but that he was watching the men in front of him. We recognize that plaintiff testified that he did not touch the pipe line and that there was no witness who testified that he did touch the pipe, but from the record before us we believe that the Trial Court properly submitted the issues. as to whether plaintiff failed to pay such attention to the pipe as it was laid out as a person of ordinary prudence would have under the circumstances;—and whether plaintiff failed to exercise that degree of care for his own safety as would have been exercised by a person of ordinary prudence under the circumstances;—and whether such were proximate causes of plaintiff's injuries. The record reflects that plaintiff was an experienced workman, accustomed to the hazards of the construction industry; that the obstacle had been in place for some time; that he had worked back and forth across it all day, and even he admitted that he wasn't paying any attention when he crossed it. We have carefully reviewed the lengthy record before us (some 742 pages of testimony together with numerous exhibits), and conclude that the jury's findings and answers to the issues submitted have ample support therein; and that same are not against the great weight and preponderance of the evidence. Plaintiff's contentions 1 and 2 are overruled. See: In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Plaintiff's third contention presents various complaints relative to Issue 21 sufficient to support the Trial Court's judgment. Since we have overruled plaintiff's Points 1 and 2, and upheld the finding of contributory negligence on the part of plaintiff proximately causing his injuries, the judgment is in no wise dependent upon Issue 21. We have, however, carefully considered such contention and conclude that same presents no reversible error, for which reason it is overruled.

■ Plaintiff's fourth contention is levelled at the action of the Trial Court in admitting evidence which tended to show that plaintiff was covered by Workmen's Compensation insurance. In this case the Trial Court permitted defendants' attorney to cross-examine the plaintiff with reference to discrepancies between his description of his injuries on direct examination and his description of his injuries made on notice of injury and claim blanks filed by plaintiff with the Industrial Accident Board in connection with the claim. The Trial Court further permitted cross-examination of plaintiff concerning discrepancies between his testimony in the instant case and in depositions given by him in connection with his prior claim for the selfsame injuries before the Industrial Accident Board. We do not think the Trial Court committed error. Defendants were entitled to impeach plaintiff through prior inconsistent statements and show the circumstances surrounding the prior statements in order to give them credence. The fact that the impeaching materials collaterally reflected the plaintiff's prior compensation claim did not, and could not, render the evidence inadmissible. Houston v. Shaw Transports Co., Tex.Civ.App., 296 S.W.2d 631, 635 (no writ hist.) is precisely in point. In that case, a third-party action as here, the Trial Court allowed introduction of claim blanks filed before the In-

dustrial Accident Board because there were inconsistencies and discrepancies between the plaintiff's testimony on the trial and his statements on the forms. The court said:

"We see no error in the proceedings complained of, either the cross-examination of plaintiff, the admission of the blanks, or the argument made to the jury thereon. The evidence was independently relevant and proper for impeachment purposes and, therefore, admissible. We need not dwell on the distinction between such proof when properly admissible for impeachment purposes as having independent relevancy and mere proof of the fact, without more, that at the time of an accident plaintiff was covered by compensation insurance, when that fact would have no independent relevancy to any matter at issue. The distinction has been too often ruled on. McDonald v. Alamo Motor Lines, Tex. Civ.App., 222 S.W.2d 1013; Moore v. Dallas Railway & Terminal Co., Tex. Civ.App., 238 S.W.2d 741; Aguilera v. Reynolds Well Service, Inc., Tex. Civ.App., 234 S.W.2d 282; Barton Plumbing Co. v. Johnson, Tex.Civ.App., 285 S.W.2d 780 (W/E Ref.)."

The foregoing case is precisely in point with the question here raised and is adverse to plaintiff's contention. In such case the Trial Court permitted introduction by defendant of the notice of injury and claim forms filed by plaintiff, a ruling going much further than that of the Trial Court here. See also, Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W. 2d 651.

■ Further complaint was made at the Trial Court's action in permitting defendants to cross-examine the witness James about a report of accident he turned in in connection with plaintiff's injuries. Here the plaintiff opened the matter by interrogating James about the statement. The Trial Court merely permitted defendants

to give the full facts relative to the report. This is not error. See: Pecos & N. T. Ry. v. Winkler, Tex.Civ.App., 179 S.W. 691; Panhandle & S. F. Ry. Co. v. Van Arsdel, Tex.Civ.App., 247 S.W. 920; Martini v. Power Banking Co., Tex.Civ. App., 33 S.W.2d 466, 467, W/E dismissed; Smith v. Rozelle, Tex.Civ.App., 282 S.W. 2d 122, W/E Ref. N.R.E.; Rowan & Hope v. Valadez, Tex.Civ.App., 258 S.W.2d 395, W/E Ref. N.R.E. Plaintiff's contention 4 is overruled.

The judgment of the Trial Court is affirmed.