**Francisco CHAVEZ, Appellant,**

v.

**SAFEWAY STORES, INC., Appellee.**

**No. 19275.**

United States Court of Appeals
Fifth Circuit.

Aug. 7, 1962.

Frederick Morton, White & Morton, Jose Escobar, El Paso, Tex., for appellant.

Jack C. Duncan, Kemp, Smith, Brown, Goggin & White, El Paso, Tex., for appellee.

Before RIVES, CAMERON and GEWIN, Circuit Judges.

CAMERON, Circuit Judge.

Appellant, Francisco Chavez, brought this action for personal injuries received by him when his automobile and a truck-trailer owned by Safeway Stores, Inc., appellee, sideswiped one another in El Paso County, Texas. Each of the drivers accused the other of being on the wrong side of the road. The case was tried to a jury, which returned a verdict in favor of appellee Safeway upon which judgment was entered. After motion for new trial was denied, Chavez, the appel-

lant, brought the case here on appeal, assigning as error that the court below wrongfully admitted evidence that Chavez had been arrested and convicted on a previous occasion for driving while intoxicated.

Appellee plead and there was evidence in the record that appellant had been drinking and was, at the time of the accident, in a state of intoxication and that he and his companion were drinking beer out of cans at the time the accident occurred. There was further proof that Chavez had driven his car off the left-hand side of the road a short time before, and a short distance from the point of, the accident and had been pulled back on the road by a passing motorist.

The appellee claims that the evidence admitted by the court below was not properly objected to, that it was admissible for impeachment purposes and that its admission was, in any event, not prejudicial. We agree with the appellee and affirm the judgment of the court below.

The colloquy between court and counsel, concerning the reception of this evidence, covered several pages of the record. The question arose soon after appellant had been cross-examined about how many beers he had drunk at the picnic from which he was returning, and how many it took to make him drunk. He had made somewhat different statements when his deposition was taken from the testimony given at the trial. At that point, he was asked if he had not made a mistake when, on his deposition, he stated that he had been arrested only once. His lawyer objected, first, on the ground that the evidence called for was "inadmissible." The court first indicated that the evidence would be re-jected.[1] Appellee's attorney thereupon stated that he offered the testimony for purposes of impeachment, and appellant's attorney asked and was granted leave to approach the bench so that conversation might be held between the lawyers and the court, which the jury did not hear and which is not reported in the record. After that conversation, the court stated: "The objection is overruled, but the Court is admitting this testimony only as it affects his credibility as a witness, if it does * * * and not as bearing directly on the merits of this case as to alleged negligence, or injuries, or anything else."

Thereupon appellant was asked if he was not in fact arrested in 1952 for driving while intoxicated and if he had not plead guilty to the charge. The court overruled objection to the question, and appellant's counsel asked the court to instruct the jury to disregard the statements made by his adversary, on the ground that the crime was not one involving moral turpitude. The court replied:

"Well, as the Court already stated, he thinks perhaps it is admissible as going to the credibility of this witness, but nothing else, and it is limited to that, it seems to have been ten or twelve years ago. The Court thinks it has no direct bearing upon the alleged negligence or injuries in this case, but nevertheless, it may go to his credibility as a witness, so the Court overrules the objection."

After the witness had acknowledged the arrest, his counsel stated: "Your Honor, he never did deny that he was arrested and plead guilty to that and I don't see where impeachment comes in. I renew my motion for a mistrial." The motion was overruled. Cf. Pasotex Pipeline Co. v. Murray, 5 Cir., 1948, 168 F.

1. "The Court: Well, unless it has something to do with moral turpitude or goes to his veracity, the Court doesn't see how it would be material in a case of this kind * * *.

"Well, the Court repeats, unless it is something affecting his veracity, I don't know whether it is a traffic charge, or speeding, or even being drunk, it is a question of whether or not it involves moral turpitude or goes to his veracity, in the Court's opinion, if it has any material bearing on this personal injury suit."

2d 661 and Marsh v. Illinois Cent. R. R. Co., 5 Cir., 1949, 175 F.2d 498.

It appears, therefore, that the appellant, as witness in his own behalf, admitted that he had testified falsely in his deposition and that he had been arrested for driving while intoxicated and had plead guilty to the charge; and that the court limited the testimony to the effect, if any, it would have upon the credibility of the appellant as a witness.

A like question was before us in Johnson v. Empire Machinery Co., 1958, 256 F.2d 479, 482,[2] and we held the testimony admissible, citing a Texas case and an Annotation in 18 A.L.R.2d p. 1312. Where, as here, the evidence was as strong in favor of appellee as it was, we think the testimony was admissible for the limited purpose stated to the jury by the court when it was admitted.

■ We think that the jury was amply justified in reaching the verdict which it did reach, and that the appellant has failed to point to any reversible error, and the judgment of the court below is

Affirmed.

2. And cf. Houston v. Shaw Transports Co., Tex.Civ.App., 1956, 296 S.W.2d 631; Cheshire v. Dow Chemical Co., Tex.Civ. App., 1958, 319 S.W.2d 358, Wr. Ref'd, n. r. e., and cases cited therein.