**CITY TRANSPORTATION COMPANY OF DALLAS, Appellant,**

**v.**

**Tom VATSURES and John Thomas Taylor, Appellees.**

No. 3260.

Court of Civil Appeals of Texas.

Waco.

April 14, 1955.

Rehearing Denied May 5, 1955.

Turner, White, Atwood, McLane & Francis, W. D. White, Thos. R. Hartnett, III, Snowden M. Leftwich, Jr., Thomas B. McElroy, Dallas, for appellant.

Thompson, Knight, Wright & Simmons, Pinkney Grissom, Timothy E. Kelley, Dallas, for appellee John Thomas Taylor.

Mullinax & Wells, Theodore Robertson, Dallas, for appellee Tom Vatsures.

McDONALD, Chief Justice.

Tom Vatsures, Appellee. and ·Plaintiff below, brought this suit against City Transportation Company and John Thomas Taylor for damages arising from personal injuries sustained by Plaintiff as a result of a collision involving a taxicab owned and operated by City Transportation Company and an automobile owned and operated by Taylor. Plaintiff was riding as a fare-paying passenger in the taxi.

Defendant City Transportation Company, in answer to the pleadings of Plaintiff, denied negligence of any character on the part of its driver and prayed for complete discharge from any liability, and in the alternative, for indemnification from Defendant Taylor in the event its driver be found to have neglected to exercise that high degree of care required on behalf of his passenger.

Defendant Taylor answered by denial of negligence of any character, prayed for a complete discharge from any liability, and in the alternative, for complete indemnity from the Defendant City Transportation Company.

Trial was to a jury, and, based on the verdict of the jury the court entered judgment for Plaintiff for $1,000 against the City Transportation Company and Taylor, jointly and severally.

Defendant City Transportation Company appeals, contending:

1) The Trial Court erred in excluding evidence by Defendant Taylor and one Lebowitz, Manager of the City Transportation Company, of a payment on behalf of Taylor to the City Transportation Company, for the reason that the payment was a payment in full of the claim of City Transportation Company against Taylor for damages arising from the collision in question, and was admissible to show an admission against interest, or of liability, under the facts regarding the payment.

2) That the Trial Court erred in not granting judgment for Defendant City Transportation Company for the reason that there is no evidence to support the jury's affirmative answers to Special Issues 1, 2, 28 and 29, which were issues on the failure of this Defendant to keep a proper lookout.

3) That the Trial Court erred in rendering a judgment on the verdict of the jury because the answers to Special Issues 1, 2, 28 and 29 on lookout, are in irreconcilable conflict with Special Issues 46 and 47, for the reason that its driver could not be guilty of failing to keep a proper lookout which would support a finding that such failure was a proximate cause of the collision, because the jury also found that Taylor turned suddenly in front of the City Transportation Company's vehicle and that such sudden turn created an emergency situation, and that after such turn by Taylor, the City Transportation Company driver exercised a high degree of care.

As to the Defendant City Transportation Company's contention that the Trial Court erred in excluding evidence by Defendant Taylor and witness Lebowitz of a payment on behalf of Taylor to City ·Transportation Company in full settlement of City Transportation Company's claim against Taylor arising out of the collision which is the basis of this suit, the record reflects the

following: After the accident the City Transportation Company wrote Defendant Taylor making demand for the full amount of the cost of the repairs to their taxicab, which was $53.38. They sent a copy of such demand letter to Allstate Insurance Company, which carried Taylor's liability insurance. Taylor called the Allstate Insurance Company and advised them he had received the demand letter and was informed that Allstate would handle it. Although Allstate paid the $53.38, Taylor knew nothing of the matter, and made no recommendations concerning the payment of such amount. The record clearly shows that City Transportation Company's claim was handled strictly by Allstate Insurance Company and that Taylor had nothing whatsoever to do with the payment of this claim.

■ It is settled law that the payment of a claim in full can be offered as an admission against interest or of liability against the party paying the claim. However, the point here involved is not that proposition of law, but whether a payment by an insurance company of a claim against their insured may be used as an admission against interest or of liability against the insured upon the trial of a claim arising out of the same accident. The reason that the payment of a claim in full becomes admissible as evidence of an admission against interest or of liability against the party paying the claim is that the payment indicates that the party paying the claim felt himself liable, or otherwise he would not have paid the claim in full, but would have resisted it or at least compromised the claim. Such reasoning cannot apply to the situation here involved. This suit is a suit against Taylor which the Allstate Insurance Company, under the terms of its policy, undertook to defend. The Allstate Insurance Company is not a party to the suit and could not become a party to the suit. Defendant Taylor is the party at interest in the suit and is the only one against whom there can be admissions against interest or admissions of liability. Yet the record reflects that Taylor had absolutely nothing to do with the $53.38 paid to the City Transportation Com-

pany. Certainly, it cannot be said that actions taken without his knowledge or consent can constitute admissions against interest or of liability as to him.

Hurley v. McMillan, Tex.Civ.App., 268 S.W.2d 229, 234, in a closely analogous factual situation, said:

"Appellant cites no authority holding that the payment by an insurance company of a claim arising under its policy, made without the knowledge or consent of the insured can be taken as any evidence against the insured that he negligently caused the collision. * * * It is manifest that an insurance company, if it admits that its insured is liable, without its insured's knowledge or consent, is acting in its own interest, and not as the agent of the insured."

■ There is an additional reason why the admission into evidence of such a settlement as is involved here would be dangerous and harmful. Such evidence when offered, is offered only as evidence of an admission against interest or of liability. The party against whom the settlement is offered has an opportunity to explain why he paid the claim. It may be that he paid it because he thought it economical to do so or because he simply did not want to be bothered with the claim. Whatever the reason, he is given the opportunity to explain why he did what he did. In this case, if the settlement made by Allstate Insurance Company had been admitted into evidence Taylor would have either been denied the right to explain the true facts, or he would have been forced to disclose the fact that he was covered by liability insurance. The law disapproves of the disclosure of the presence of insurance in the case.

■ We hold therefore that when the Allstate Insurance Company paid the City Transportation Company's claim against Defendant Taylor in the amount of $53.38, that it was acting in its own interest, and that the payment by the Allstate Insurance Company cannot be used as an admission against interest or of liability against the insured.

It follows that it was not error for the Trial Court to exclude the testimony of the payment of the $53.38 to the City Transportation Company.

Appellant's 2nd contention is that there is *no* evidence or insufficient evidence to support the jury's affirmative answers to Special Issues 1, 2, 28 and 29, which were the issues which found that the driver of City Transportation Company failed to keep a proper lookout, and that such failure was a proximate cause of the collision in question.

A review of the evidence reflects that the Defendant Taylor testified that he stopped and signalled for a left turn and then started to move into the intersection; that he saw the *cab* coming; that he started to make his left turn *and then saw that the cab driver was looking behind him;* that he then slammed on his brakes and was struck by the cab on the right fender. The foregoing evidence, *that the cab driver was looking back over his shoulder immediately prior to the collision,* is sufficient to raise an issue as to whether or not the cab driver kept a proper lookout. See Dillingham v. Currie, Tex.Civ.App., 92 S.W.2d 1122 (er. dis.); 2 Tex.Jur.Supp. 137.

The Appellant contends that because the jury found that Defendant Taylor turned his car left when such movement could not be made with safety, that the jury was not entitled to find that at the same time Defendant Taylor was turning left, the driver of the cab was failing to keep a proper lookout. Obviously, the jury can make both of the findings and did so. It is our view that the jury's answers to all of the Special Issues correspond directly with the evidence, and that there is ample evidence to sustain the findings that the driver of the taxicab failed to keep a proper lookout. It is well settled that juries are entitled to believe or disbelieve any or all of the testimony of the witnesses. On appeal, the Appellant cannot go behind the reasoning of the jury to try to figure out why they answered the questions in the way which they did. All this court can do is to examine the testimony and see if there is

any testimony or sufficient testimony to raise the issue of improper lookout. The jury was faced with the testimony of Defendant Taylor that the driver of the taxicab was not looking in front of him as he entered the intersection. The jury was entitled to believe that this was an improper lookout, and we hold that the testimony of Defendant Taylor was sufficient to uphold the findings in Special Issues 1, 2, 28 and 29.

Appellant's 3rd contention is that the jury's findings in answer to Special Issues 1, 2, 28 and 29 on lookout, are in irreconcilable conflict with the answers to Special Issues 46 and 47. Special Issues 1, 2, 28 and 29 are to the effect that the driver of the cab failed to keep a proper lookout and that such was a proximate cause of the collision, and have already been discussed at some length under Appellant's 2nd contention. Special Issues 46 and 47 are to the effect that the Defendant Taylor's action in turning to the left in front of the taxicab created an emergency, and that after the creation of that emergency the driver of the taxicab exercised a high degree of care in the operation of his vehicle.

Appellant contends that because the jury found an "emergency" as defined in the court's charge, that their answer is in conflict with the issues on improper lookout. We are not in accord with Appellant's contention. The finding here of the existence of an emergency is not in conflict with the primary evidence findings of negligence on Appellant's part, and that same was a proximate cause of the collision. Williams v. Voight, Tex.Civ.App., 264 S.W. 2d 454; Reddick v. Longacre, Tex.Civ.App., 228 S.W.2d 264, W/E Ref. N. R. E.; Ynsfran v. Burkhart, Tex.Civ.App., 247 S.W.2d 907 (W/E Ref. N. R. E.); White v. Munson, Tex.Civ.App., 162 S.W.2d 429. The foregoing cases sustain the proposition that where the jury has found the defendant guilty of negligence which proximately caused the collision, then the emergency issue is not in conflict with such finding and, absent any findings that the emergency constituted the sole proximate cause of the

collision, the specific negligence finding will override the general emergency finding and the emergency issue will be disregarded in rendering judgment.

 Further to the above, after the jury returned with its verdict Appellant raised no protest concerning any alleged conflict in the answers to these Special Issues. In acting as it did, Appellant waived any conflict by accepting the jury's verdict as it was and in not directing the Trial Court's attention to the alleged conflict at a time when it could have been corrected.

From the foregoing it follows that all of Appellant's Points are overruled and the judgment of the Trial Court is Affirmed.