Jake STEPHENS, Appellant,

v.

R. T. McCARTER, Appellee.

No. 3750.

Court of Civil Appeals of Texas.
Waco.

Feb. 15, 1962.

**94**

Hicks, Dollahon, Boss & Wohlt, Willard E. Dollahon, Houston, for appellant.

Hill, Brown, Kronzer & Abraham, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment in favor of a plaintiff, upon a jury verdict, in a rear end collision case.

Plaintiff brought suit for personal injuries sustained as a result of defendant's car colliding with the rear of plaintiff's car while plaintiff's car was stopped behind a line of traffic. Trial was to a jury which, in answer to Special Issues, found:

1) The driver of defendant's vehicle failed to make a timely application of the brakes, and failed to keep a proper lookout, each of which were proximate causes of the collision.

2) Plaintiff was acquitted of any negligent conduct proximately causing the collision.

3) The collision was not the result of an unavoidable accident.

4) Immediately prior to the collision the driver of defendant's vehicle was acting under an emergency, and after the emergency, the driver did all that a prudent person would have done to avoid the collision.

5) Plaintiff's damages were $6500.

The Trial Court entered judgment on the verdict for plaintiff for $6500 and defendant appeals, contending:

1) The Trial Court erred in refusing to admit into evidence written and oral requests, to plaintiff's counsel prior to trial, that permission be granted for plaintiff to be examined by a doctor of defendant's choice; that such request had at first been granted, but was later refused by plaintiff's attorney.

2) The jury's findings that defendant's negligence in failing to apply brakes and keep a proper lookout proximately caused the collision, are in irreconcilable conflict with the jury's findings that immediately prior to the collision defendant's driver was acting under an emergency and thereafter acted in a prudent manner.

3) The jury's answers to issues of negligence of defendant's driver proximately causing the collision are supported by "no evidence", or in the alternative insufficient evidence.

We revert to defendant's 1st contention. The record reflects that prior to the close of the testimony, defendant's counsel sought to offer into evidence the following letter from himself to plaintiff's counsel:

"May 21, 1959

"Dear Mr. Abraham:

"This letter is to request that your client, R. T. McCarter, be examined *by a doctor*

*of our choice* (at a convenient time) prior to trial, which could be arranged between you, us and the doctor, with a view to enabling us to ascertain the extent and duration of his injuries, if any.

"Since the case is presently set for trial during the week of June 8, 1959, I would appreciate it very much if you will call or write at your earliest convenience to let us know whether McCarter may be examined by a *doctor of our choice* * * *.

"You are hereby assured that if the examination is authorized, you will be promptly furnished a true copy of any medical report which may be prepared by the doctor conducting the examination.

"Yours very truly,
Willard E. Dollahon
Attorney for Jake Stephens."

■ Plaintiff's counsel objected to the admission of such letter in evidence and presented the court the case of Artesian Belt Ry. Co. v. Young, Tex.Civ.App., 155 S.W. 672, W/E Ref. The objection was sustained. We see no error in the ruling of the Trial Court. The defendant's request was to have the plaintiff examined by *doctors of the defendant's choice.* At no time did the trial judge prohibit defendant's counsel from questioning plaintiff as to whether he would be willing to be examined by a doctor, either of defendant's choice or by an impartial court-appointed doctor. In fact at no time did defendant's counsel ever ask plaintiff as to whether he would be willing to be examined by an "interested" or a "disinterested" doctor. Defendant simply sought to introduce the letter quoted. Such letter was inadmissible under the Artesian case, supra, and under Texas & N. O. Ry. Co. v. Rooks, Tex.Com.App., 292 S.W. 536. The Rooks case holds that where a claimant is never asked whether he will submit to an examination by a doctor, testimony that such a request was made to and refused by his attorney, is properly excluded.

The record reflects that the only evidence defendant ever tendered was the letter; that defendant at no time ever offered any other evidence that plaintiff's counsel granted permission and later refused same. The contention is overruled.

Defendant's 2nd contention is that an irreconcilable conflict is presented by the jury's findings of primary negligence of defendant proximately causing the collision, and the finding that defendant's driver was confronted with an emergency after which he acted in a prudent manner. There was no finding, nor issue requested, that the "emergency" was the sole proximate cause of the collision.

■ Where the jury has found defendant guilty of negligence proximately causing a collision, a finding of emergency is not in conflict with the findings of primary negligence, and absent findings that the emergency constituted the sole proximate cause of the collision, the specific findings of negligence override the general emergency finding, and the emergency issue will be disregarded in rendering judgment. City Transportation Co. v. Vatsures, Tex. Civ.App., 278 S.W.2d 373, W/E Dis.; Booker v. Baker, Tex.Civ.App., 306 S.W. 2d 767, W/E Ref. n. r. e.; Houston v. Shaw Transports Co., Tex.Civ.App., 296 S.W.2d 631 (n. w. h.). The contention is overruled.

Defendant's 3rd contention is that there is no evidence, or insufficient evidence, to sustain the jury's findings on primary negligence of the defendant, and upon the damage issue.

■ The record reflects that plaintiff's car was preceding defendant's car. Plaintiff's car came to a stop behind a line of traffic. Plaintiff gave a hand signal and also an electrical stop light signal of his intention to stop, neither of which were seen by defendant's driver. Defendant's car smashed into the rear of plaintiff's car. We think the foregoing, as well as the record as a whole, amply supports the jury's

**96**

findings that defendant's driver failed to keep a proper lookout and failed to make timely application of the brakes, and that same are a proximate cause of the collision. Grossman v. Tiner, Tex.Civ.App., 347 S.W. 2d 627, W/E Ref. n. r. e.; Renshaw v. Countess, Tex.Civ.App., 289 S.W.2d 621; Neill v. Baltazar, Tex.Civ.App., 345 S.W. 2d 454, W/E Ref. n. r. e.; Fisher v. Franke, Tex.Civ.App., 321 S.W.2d 903.

■ The damage issue inquired as to what amount of money would reasonably compensate plaintiff for past and future physical pain and suffering, mental anguish, diminished work capacity and loss of earnings. The jury answered such issue $6500. Plaintiff's back was injured; he testified that since the accident he had never been free from pain; he was under a medical doctor's care for some 2 years; the doctor testified that in reasonable medical probability, he would continue to have pain and suffer disability.

The foregoing, as well as the record as a whole, amply supports the jury's answers to the jury's findings complained of. The contention is overruled.

The judgment of the Trial Court is affirmed.

WILSON, J., concurs in the result.