**MISSOURI PACIFIC RAILROAD COM-PANY, Relator,**

v.

**Honorable Horace S. YOUNG and John Hogan, Respondents.**

**No. 210.**

Court of Civil Appeals of Texas.

Corpus Christi.

May 26, 1966.

Kleberg, Mobley, Lockett & Weil, by Leslie S. Lockett and Henry Nuss, Corpus Christi, for relator.

Butler, Schraub & Gandy, by Philip Schraub, Corpus Christi, for respondents.

## OPINION

SHARPE, Justice.

In this proceeding, relator, Missouri Pacific Railroad Company, seeks a writ of mandamus ordering respondent, Honorable Horace S. Young, Judge of the 117th Judicial District Court, to set aside an order declaring a mistrial and to enter judgment that respondent John Hogan, plaintiff below, take nothing by his suit against relator, defendant below, in cause No. 77895–C in that court.

In the court below, Hogan sought to recover damages against relator for personal injuries suffered in a railroad crossing accident. The case was submitted to a jury which answered the special issues unconditionally submitted excepting issue 26, relating to whether Hogan was acting in an emergency on the occasion in question. Issue 27, which was conditionally submitted on a "yes" answer to issue 26, was also unanswered. Issues 26 and 27 are set out in full in the footnote.[1] No issue was requested or submitted inquiring whether the emergency was the sole proximate cause of the collision.

The jury verdict found that relator was negligent in operating its locomotive at an excessive speed, which proximately caused the collision in question, and otherwise acquitted relator of negligence. The jury also found that Hogan was contributorily negligent in two respects: (1) in failing to stop his automobile short of relator's railroad track, under conditions prescribed by Sec. 86(c), Art. 6701d, Vernon's Ann.Civ.St. (where an audible signal was sounded within approximately 1500 feet of the crossing before Hogan's car reached a point fifteen feet from the nearest rail, and when the train was in hazardous proximity to the crossing), and (2) in failing to keep a proper lookout. Each of such acts was

---

1. SPECIAL ISSUE NO. 26

Do you find from a preponderance of the evidence that on the occasion in question John Hogan was faced with an emergency?

By the term "emergency," as used in the foregoing Special Issue, is meant a condition which arises suddenly and unexpectedly and which is not proximately caused by any negligent act or omission of John Hogan, and which called for immediate action on his part without time for deliberation?

Answer "Yes" or "No"

Answer_____

If you have answered Special Issue No. 26, "Yes," then answer Special Issue No. 27; otherwise, do not answer same.

SPECIAL ISSUE NO. 27

Do you find from a preponderance of the evidence that after such emergency arose, if you have so found, John Hogan thereafter exercised such care as would have been exercised by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances?

Answer "Yes" or "No."

Answer_____

found to be a proximate cause of the collision. On the basis of that verdict, without considering the emergency issues, relator was entitled to judgment that Hogan take nothing.

After the jury had finally reported that it could not agree on the answer to Special Issue 26, the trial judge received the verdict for such judgment, if any, as could be rendered thereon, and discharged the jury. Hogan then filed a motion for mistrial and to disregard findings on special issues. Relator filed motion for judgment. After hearing, the trial court overruled the other motions but entered an order, pursuant to Hogan's motion, declaring a mistrial. The recited reason for such action appears in the order as follows:

"* * * that because, and only because, the jury failed to answer issues 26 and 27 the verdict of the jury is incomplete in that answers to such issues could be material herein and because of such failure to so answer, and only because thereof, the court is: (1) setting aside, and does hereby set aside, the verdict of the jury; and (2) is declaring, and does hereby declare, a mistrial."

We agree with relator's contentions that the trial court should not have ordered a mistrial, but, instead, should have rendered judgment in favor of relator based upon the verdict.

■ The trial court was in error in holding that the answers to special issues 26 and 27 could be material. The applicable rule is that where a party has been found guilty of primary negligence proximately causing the collision, a finding that he was acting in an emergency is not conflicting absent a finding that the emergency constituted the sole proximate cause of the collision; and the finding of specific negligence will override the general emergency issue finding, which will be disregarded in rendering judgment. Stephens v. McCarter, 355 S.W.2d 93 (Tex.Civ.App.1962, n. w.

h.); City Transportation Company of Dallas v. Vatsures, 278 S.W.2d 373 (Tex.Civ.App.1955, wr. dism.); Williams v. Voight, 264 S.W.2d 454 (Tex.Civ.App.1954, wr. ref., n. r. e.). These three cases also hold that there is no conflict between a finding that a person failed to keep a proper lookout and that he was acting in an emergency. Other cases to the same effect on the last-mentioned holding are Houston v. Shaw Transports Company, 296 S.W.2d 631 (Tex.Civ.App.1956, n. w. h.); Mrs. Baird's Bakeries, Inc. v. Roberts, 360 S.W.2d 850 (Tex.Civ.App.1962, wr. ref., n. r. e.); Booker v. Baker, 306 S.W.2d 767 (Tex.Civ.App. 1957, wr. ref., n. r. e.); and Ynsfran v. Burkhart, 247 S.W.2d 907 (Tex.Civ.App. 1952, wr. ref., n. r. e.). The rules announced in the seven above-cited cases are applicable here and control disposition of the case. Under such circumstances, discussion of other matters raised by the briefs is deemed unnecessary.

■ Only the question of ministerial duty of the trial judge to render the proper judgment on the verdict, as distinguished from the exercise of judicial discretion, is here involved. Since appeal is not available to relator, the action of the trial court in declaring a mistrial and in refusing to render judgment on the verdict, is subject to review and correction by mandamus. Texas State Board of Examiners in Optometry v. Carp, 388 S.W.2d 409 (Texas 1965); Southland Greyhound Lines, Inc. v. Richardson, 126 Tex. 118, 86 S.W.2d 731 (1935).

Relator's petition for mandamus will be granted and the trial court is directed to set aside its order declaring a mistrial and to render judgment that respondent Hogan take nothing by this suit. This case may then follow the usual course as if judgment had been originally rendered as is here directed. We are confident that the trial judge will undoubtedly follow the directions given in this opinion and a formal writ of mandamus will not presently issue.