The DEPARTMENT OF PUBLIC SAFETY
of the State of Texas, Appellant,

v.

Clifford Ellis SHIELDS, Sr., et al., Appellees.

No. 4630.

Court of Civil Appeals of Texas.

Waco.

April 27, 1967.

Rehearing Denied May 18, 1967.

Ogden Bass, Criminal Dist. Atty., Angleton, Wallace N. Shaw, Asst. Dist. Atty., for appellant.

Richard J. Higgins, Angleton, for appellees.

OPINION

TIREY, Justice.

This is an appeal from a trial de novo in the County Court in which appellees sought to have set aside an order of the Department of Public Safety suspending all operators', commercial operators' and chauffeurs' licenses of the appellees, and the registration of all motor vehicles owned by the appellees, pursuant to the provisions of Article 6701h, Vernon's Ann.Civ.St. of Texas (1925). The Public Safety Department filed its request for admissions, and thereafter filed its motion for a summary judgment, which was denied, and the cause proceeded to trial on its merits without the aid of a jury, and thereafter the court rendered a judgment in behalf of the appellees. The Department of Public Safety has appealed. We reverse and render. The trial court filed extensive Findings of Fact and Conclusions of Law.

The judgment is assailed on 6 points. Point 1 is that the trial court erred in overruling motion for summary judgment,

which is wholly without merit, and it is overruled.

Points 2 and 3 are sustained under the authority of Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177, cert. denied 347 U.S. 933, 74 S.Ct. 625, 98 L.Ed. 1084.

Points 4 and 5 are to the effect that there is no evidence or insufficient evidence to bring this cause within the exceptions to the provisions of Article 6701h of R.C.S., and that the judgment is against the weight and overwhelming preponderance of the evidence, and is wrong.

■ Point 6 is to the effect that the cause should be reversed and rendered because of the admissions of appellees in evidence, and that under such admissions the commercial operator's license and chauffeur's license should be suspended under the provisions of Article 6701h, aforesaid. We sustain each of the foregoing points.

In appellees' brief we find this statement:

"A three-way automobile accident occurred, involving a car owned and driven by Allen, a car owned and driven by Yanez, and a car owned by Shields, Sr., and driven by his son, Shields, Jr.; Allen had liability insurance on his car, Shields had no liability insurance on his car, and it does not appear from the records whether Yanez had liability insurance on his car or not; the damages to the Shields car were paid for by Allen's liability insurance carrier; Yanez signed a release in favor of Shields, but Allen refused to sign such a release, although requested to do so by Shields; damages to each of the three cars amounted to more than $100.00; Shields does not satisfy the provisions of Sections 5 or 6 of Article 6701h; * * *."

As we understand appellees' brief it is their contention that under the amendment of Section 2(b) of Article 6701h, by the 58th Legislature, that the county court had the authority to enter the judgment it did

suspending the Department's order. We overrule this contention because the result here is controlled by Section 5 of Article 6701h. In the court's Conclusions of Law 4, 5, 6 and 7, we find:

"4. That pursuant to the provisions of Section 5(b), Article 6701h, Revised Civil Statutes of Texas, the Department of Public Safety of the State of Texas properly entered and notified Clifford Ellis Shields, Sr., and Clifford Ellis Shields, Jr., of its order suspending all Texas registrations of motor vehicles owned by the said Clifford Ellis Shields, Sr., and the said Clifford Ellis Shields, Jr., and all Texas Operators, Commercial Operators and Chauffeur's licenses of the said Clifford Ellis Shields, Sr., and the said Clifford Ellis Shields, Jr., and of its order requiring such persons to post security in accordance with the provisions of Section 5(b) in the amount of $1100.00.

"5. That none of the conditions specified in Section 5(c) or Section 6, Article 6701h, Revised Civil Statutes of Texas, existed at the time the suspension order aforesaid was entered by the Texas Department of Public Safety and none of such conditions have existed at any time up to the date of this judgment.

"6. That neither Clifford Ellis Shields, Sr., nor Clifford Ellis Shields, Jr., have satisfied the requirements of Section 7, Article 6701h, Revised Civil Statutes of Texas, at any time up to the date of this judgment.

"7. That neither Clifford Ellis Shields, Sr., nor Clifford Ellis Shields, Jr., should have their Texas Registration of motor vehicles owned by them or all Texas Operators, Commercial Operators and Chauffeurs licenses issued to them suspended because the payment of the property damage claim of Clifford Ellis Shields, Sr.,

by the insurer of Schley Admiral Allen and the release given by Ynosente Yanez to Clifford Ellis Shields, Sr., had the effect of terminating all questions of liability between the parties."

It is obvious that the foregoing conclusion Number 7, is erroneous. We think it is well settled that the settlement by Allen's insurer is not necessarily determinative of his rights, nor binding on him. See 32 A.L.R.2d 937; City Transportation Company of Dallas v. Vatsures, Tex. Civ.App., 278 S.W.2d 373, writ. dism. We are of the further view that there is nothing in the amendment of Section 2(b) of Article 6701h by the 58th Legislature that authorized the county court to decide the case on what it seems it thought was an equitable basis. Perhaps it may be that Allen deliberately refused to sign the release in order to force Shields to buy their peace, but the trial court could not assume that he was so doing, nor can we.

Accordingly, the judgment of the trial court is reversed and rendered.