**J. C. KING et al., Relators,**

**v.**

**Hon. Tillman SMITH, District Judge, et al., Respondents.**

**No. 577.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 29, 1970.

Keys, Russell, Watson & Seaman, Finley Edmonds, Corpus Christi, for relators.

Edwards & DeAnda, Mike O'Reilly, Corpus Christi, for respondents.

## OPINION

GREEN, Chief Justice.

This is an original mandamus proceeding. Relators King et al. asks this Court to issue its order requiring Respondent Tillman Smith, Judge of the 94th District Court, to enter judgment for defendants based on the incomplete verdict returned by the jury in No. 100,322–C in that Court, styled Adolfo Serna et ux. v. J. C. King et al. We have jurisdiction under the provisions of Art. 1824, Vernon's Ann.Tex. Civ.St.

Said cause No. 100,322–C is a suit for personal injuries allegedly caused to plaintiffs Serna by the negligence of defendants King et al. in a car-truck collision. The case was tried before Judge Smith and a jury, and was submitted to the jury on twenty special issues of primary and contributory negligence and damages. The jury, after considerable deliberation, reported back to the judge that they had answered several of the negligence issues, but were unable to agree on the balance of the special issues submitted. The jury found the defendant truck driver guilty of negligence proximately causing the occurrence in question in driving at a rate of speed greater than a person using ordinary care would have driven. Mrs. Serna, the driver of plaintiff's car, was found to have failed to keep a proper lookout, which failure, the jury said, was a proximate cause of the collision in question. Certain other special issues, including those inquiring of plaintiffs' damages, were unanswered.

A study of the special issues unanswered convinces us that the finding of improper lookout on plaintiff Mrs. Serna's part as a proximate cause would have required a judgment for defendants regardless of how the other special issues might have

been answered by the jury. Owens v. Rogers, Tex.Sup., 446 S.W.2d 865 syl. (3).

A transcript of the proceedings when the jury made its report in open court, duly certified to by the court reporter and approved by the trial judge, reflects the following:

"THE COURT: Ladies and gentlemen, have you reached a verdict?

FOREMAN: No, sir, we have not.

THE COURT: Let me see what you have. I think I will ask you this question: Do you think you could get any further if you had more time; answer any more questions?

FOREMAN: No, sir, I am sorry to say we cannot.

THE COURT: I might ask you this question: The questions you have answered, were you unanimous?

FOREMAN: Yes, sir.

THE COURT: I have taken your answers, ladies and gentlemen, and I am going to discharge you.

(Whereupon there was a discussion between counsel after the Jury left the Jury Box, after which the Court said:)

THE COURT: The Judge will now speak. The Court announces, 'I am not receiving this as a verdict. The Jury is discharged as a hung jury.'

MR. MEREDITH: The Court announced to the Jury you were receiving it for whatever it was worth. .

MR. JOHNSON: You told the Jury even though they were not able to reach a verdict you were accepting it.

THE COURT: I have just stated, I am declaring a mistrial."

Later after defendants had filed their motion for judgment and plaintiffs, their

motion in arrest of judgment, the trial court entered a written order declaring a mistrial, making express findings as follows:

"NO. 100,322–C

| ADOLFO SERNA, ET UX<br>VS.<br>J. C. KING, ET AL | IN THE DISTRICT COURT OF<br>NUECES COUNTY, TEXAS<br>94TH JUDICIAL DISTRICT |

### ORDER OVERRULING MOTION FOR JUDGMENT AND DECLARING MISTRIAL

On this, the 6th day of March, 1970, came on to be heard Defendant's motion for judgment, and Plaintiff's motion in arrest of judgment and for new trial, and it appearing to the court that the jury had unanimously answered Special Issues Nos. 1, 2, 3, 5, 6, 7, 12 and 13, and such partial verdict was accepted by the court, but the court being of the opinion that the verdict returned is incomplete, it is therefore, ORDERED, ADJUDGED AND DECREED, that Defendant's motion for judgment be, and the same is hereby, OVERRULED, and that Plaintiff's motion in arrest for judgment and for new trial be, and the same is hereby, OVERRULED, and, based solely upon the foregoing recitals, as to incompleteness of the verdict, a mistrial is declared.

SIGNED AND ORDERED ENTERED this 8th day of May, 1970.

/s/ Tillman Smith
JUDGE PRESIDING"

———————

We note from the court reporter's transcription of the proceedings that the judge received the answers of the jury, and then discharged the jury. Before receiving such answers, he ascertained from the foreman that such answers as had been made were unanimous. *After the jury was discharged* the court and the lawyers had an unreported conference at the bench, and the court announced that he was not receiving the verdict, and that he was declaring a mistrial.

■ A verdict does not become official and effective until it is received and accepted by the court. Robertson Tank Lines, Inc. v. Sawyer, Tex.Civ.App., 416 S.W.2d 886, 889. However, the facts show that the court had already received such verdict before discharging the jury, and this is verified by his express findings in his written order of May 8th that "such partial verdict was accepted by the court."

The trial court has not only the right but also the duty to receive a partial jury verdict which will sustain a judgment. Security State Bank and Trust v. Craighead, Tex.Civ.App., 440 S.W.2d 701, 705, wr. ref. n. r. e.; Stalder v. Bowen, Tex. Civ.App., 373 S.W.2d 824, 827, wr. ref. n. r. e.

■ Although the verdict was not signed by the foreman, this defect does not adversely affect the verdict where it is shown that the members of the jury were in complete agreement as to the answers which they had made to special issues, and they so stated to the trial judge. Barker v. Weingarten Riverside Co. Inc., Tex. Civ.App., 232 S.W.2d 692, 695, wr. ref. n. r. e.

The effect of the order of May 8th, supra, was to declare that no reason, in the opinion of the court, existed for re-

## 205

fusing to render judgment other than that the verdict was incomplete.

■ When a trial court refuses to enter judgment on a verdict which contains sufficient fact findings to support a verdict, and it appears from the verdict and the court's order, on their face, that the court's refusal to enter judgment was based on an invalid reason and did not involve the exercise of judicial discretion, mandamus lies to command that court to enter judgment. Gulf, C. & S. F. Ry. Co. v. Canty, Tex.Com.App., 115 Tex. 537, 285 S.W. 296, op. adopted by Sup.Ct.; Cortimeglia v. Davis, Tex.Com.App., 116 Tex. 412, 292 S.W. 875, op. adopted by Sup.Ct.; Texas State Board of Examiners in Optometry v. Carp, Tex.Sup., 388 S.W.2d 409; Missouri Pacific Railroad Company v. Young, Tex.Civ.App., 403 S.W.2d 898. The entry of judgment on the partial verdict called only for a ministerial act, and the reason given by the trial court for overruling relator's motion for judgment was not a valid reason. Missouri Pacific Railroad Company v. Young, supra. Even though the verdict was incomplete, the finding of negligence of plaintiff Mrs. Serna as a proximate cause of the collision required the entry of judgment for relators regardless of how other special issues were answered.

Relator's petition for mandamus will be granted. The trial court is directed to set aside its order declaring a mistrial, and to render judgment in its Cause No. 100,-322–C styled Serna et ux v. King et al that plaintiffs take nothing by this suit. Said cause may then follow the usual course concerning motion for new trial etc. as though judgment had been originally rendered as is here directed, with the time requirements starting from the date the judge signs said judgment. We are confident that the trial judge will follow the directions given in this opinion, and a formal writ of mandamus will not presently issue.