**J. G. VAUGHN, Appellant,**

v.

**C. L. GLAZENER et al., Appellees.**

No. 8013.

Court of Civil Appeals of Texas, Amarillo.

Nov. 2, 1970.

Rehearing Denied Nov. 30, 1970.

Coit Mock, Fort Worth, and Kearby Peery, Wichita Falls, for appellant.

Fillmore & Fillmore and H. Dustin Fillmore, Wichita Falls, for appellees.

JOY, Justice.

This is a suit for damages resulting from a collision of two vehicles at an open or

uncontrolled rural intersection. Trial was had before a jury and judgment granted defendant from which the plaintiff has taken this appeal. The parties hereinafter will be referred to as they appeared in the trial court. We affirm.

Plaintiff was proceeding in a southerly direction on a country road driving a pickup vehicle loaded with wheat. Defendant was driving in an easterly direction in an automobile. The front of defendant's auto struck the right rear portion of plaintiff's pickup as the two vehicles entered the uncontrolled intersection. The jury answered the special issues:

1. Excessive speed on the part of defendant that was a proximate cause of the accident,

2. The defendant failed to keep a proper lookout which was a proximate cause,

3. That both parties entered the intersection at approximately the same time,

4. That plaintiff failed to yield the right-of-way, which was not negligence but was a proximate cause of the collision,

5. That plaintiff at the time he failed to yield the right-of-way was acting in an emergency; and that plaintiff acted as an ordinary prudent person after the emergency arose,

6. That the emergency was caused by the excessive speed of defendant, which was a proximate cause but was not the sole proximate cause,

7. That plaintiff was in a position of peril, that defendant realized plaintiff would not extricate himself, that in the exercise of ordinary care defendant could have avoided the collision, but that defendant did not fail to exercise ordinary care in the use of all the means at his command to avoid the collision,

8. That plaintiff failed to keep a proper lookout and that this was a proximate cause of the collision.

Other issues were answered that defendant was not acting under an emergency and that the accident was not unavoidable. Based upon the answers of the issues the trial court rendered judgment for the defendant.

■ Plaintiff's points one and five contend error by the trial court in rendering judgment for defendant based upon the findings of improper lookout and proximate cause against plaintiff and the finding of sudden emergency in favor of plaintiff. Plaintiff urges us to hold that the improper lookout of plaintiff occurred *after* the emergency arose. We are unable to find evidence to sustain this contention. Plaintiff testified that he did not see the defendant's auto until he entered the intersection, at which time he attempted to speed up his pickup to avoid the collision. The defendant testified that he saw the plaintiff's pickup some 100 to 150 feet from the intersection and saw the upper half of the pickup including the driver thereof. The jury could infer from this testimony that plaintiff could have also seen the defendant and, therefore, the plaintiff was keeping an improper lookout prior to entering the intersection at the time the plaintiff's emergency arose. In Missouri Pacific Railroad Co. v. Young, 403 S.W.2d 898 (Tex.Civ. App., n.w.h.) wherein the jury failed to answer special issues 26 and 27 on sudden emergency, the court stated:

"The trial court was in error in holding that the answers to special issues 26 and 27 could be material. The applicable rule is that where a party has been found guilty of primary negligence proximately causing the collision, a finding that he was acting in an emergency is not conflicting absent a finding that the emergency constituted the sole proximate cause of the collision; and the finding of specific negligence will override the general emergency issue finding, which

will be disregarded in rendering judgment. Stephens v. McCarter, 355 S.W.2d 93 (Tex.Civ.App.1962, n.w.h.); City Transportation Company of Dallas v. Vatsures, 278 S.W.2d 373 (Tex.Civ.App. 1955, wr. dism.); Williams v. Voight, 264 S.W.2d 454 (Tex.Civ.App.1954, wr. ref., n.r.e.). These three cases also hold that there is no conflict between a finding that a person failed to keep a proper lookout and that he was acting in an emergency. Other cases to the same effect on the last mentioned holding are Houston v. Shaw Transports Company, 296 S.W.2d 631 (Tex.Civ.App.1956, n.w.h.); Mrs. Baird's Bakeries, Inc. v. Roberts, 360 S.W.2d 850 (Tex.Civ.App.1962, wr. ref., n.r.e.); Booker v. Baker, 306 S.W. 2d 767 (Tex.Civ.App.1957, wr. ref., n.r.e.); Ynsfran v. Burkhart, 247 S.W. 2d 907 (Tex.Civ.App.1952, wr. ref., n.r.e.). The rules announced in the seven above-cited cases are applicable here and control disposition of the case. Under such circumstances, discussion of other matters raised by the briefs is deemed unnecessary."

■ Although plaintiff did not complain in the trial court of the submission of the emergency series of issues,[1] he now contends that the sole proximate cause issue should not have been submitted. The issue was answered that the emergency was *not* the sole proximate cause. Therefore, the issue cannot have prejudiced the plaintiff herein and has no effect on the verdict. In view of the fact that emergency cannot be the basis of liability but is used only for the purpose of excusing a party's conduct that would otherwise be negligent, we agree that proximate cause and sole proximate cause are not proper issues to be tacked onto the emergency series. Insofar as the above cited cases state to the contrary, we are not in accord therewith. See Goolsbee v. Texas & N. O. R. Co., 150 Tex. 528, 243 S.W.2d 386 (1951). Plaintiff's points two, three and four contend no evidence, insufficient evi-

1. SPECIAL ISSUE NO. 17:

Do you find from a preponderance of the evidence that at the time Mr. Vaughn failed to yield, if you have so found, he was acting under an emergency created by the excessive speed, if you have so found, of the Federal Land Bank car, on the occasion in question?
Answer: "We do find" or "We do not so find."
Answer: WE DO FIND.

By the term "EMERGENCY", as used in this issue, is meant a condition arising suddenly and unexpectedly and not proximately caused by any negligent act or omission on the part of Mr. Vaughn, which called for immediate action on his part and without time for deliberation.

If you have answered Special Issue No. 17 "We do find", then you will answer Special Issue No. 18; otherwise, you need not answer same.

SPECIAL ISSUE NO. 18:

Do you find from a preponderance of the evidence that after such emergency, if any, arose, Mr. Vaughn acted as an ordinary prudent person would have acted under the same or similar circumstances in the manner in which he operated the pickup thereafter on the occasion in question?

Answer: "We do find" or "We do not so find".
Answer: WE DO FIND.

If you have answered Special Issue No. 18 "We do find", then you will answer Special Issue No. 19; otherwise, you need not answer same.

SPECIAL ISSUE NO. 19:

Do you find from a preponderance of the evidence that the emergency, if any, created by the excessive speed, if any, of the Federal Land Bank car, was a proximate cause of the collision on the occasion in question, as that term is defined herein?

Answer: "We do find" or "We do not so find".
Answer: WE DO FIND.

If you have answered Special Issue No. 19 "We do find", then you will answer Special Issue No. 20; otherwise you need not answer same.

SPECIAL ISSUE NO. 20:

Do you find from a preponderance of the evidence that the emergency, if any, created by the excessive speed, if any, of the Federal Land Bank car, was the sole proximate cause of the collision in question, as that term is defined herein?

Answer: "We do find" or "We do not so find".
Answer: WE DO NOT SO FIND.

dence and answers against the great weight and preponderance of the evidence in relation to special issues Nos. 29 and 30, the improper lookout and proximate cause issues found against plaintiff by the jury. Plaintiff and defendant collided at an open or uncontrolled intersection in a rural or farming area. The plaintiff testified he looked once to his right in the direction from which defendant's vehicle was approaching before he (the plaintiff) entered the intersection, some 75 feet before the plaintiff reached the intersection. Under the circumstances, without quoting all of the favorable evidence, we hold there was evidence to support the jury's answers and overrule plaintiff's points of error.

Plaintiff's next points six and seven submit error by way of conflict in the discovered peril issue. The jury having found contributory negligence on the part of plaintiff a proximate cause of the collision, then a favorable finding to plaintiff on the discovered peril issues would have not entitled plaintiff to a verdict. In any event, we find no conflict in the issues. As stated in Turner v. Texas Co., et al., 138 Tex. 380, 159 S.W.2d 112 (Tex.Comm.App., opinion adopted): "The trial court correctly submitted as separate issues the question whether the driver, after the discovery of plaintiff's peril, failed to exercise ordinary care, and the question of proximate cause." Plaintiff cites a number of cases holding there was no negligence of improper lookout, however, a careful review of those cases reveal circumstances different from those found herein. As stated above, there is evidence here that plaintiff probably could have avoided the collision had he looked to the right more than only the one time prior to entering the intersection. Apparently the plaintiff had traveled this particular road prior to this occasion and was familiar with the area and this open intersection.

We find no reversible error, therefore, the judgment of the trial court is affirmed.